# WEATHERS vs. SPEARS.

[BILL IN EQUITY BY JUDGMENT DEBTOR TO REDEEM LANDS SOLD UNDER EXECUTION.]

1. *What interest passes by decree of redemption.*—Under the statute (Clay's Digest, p. 502, § 1) which authorizes a judgment debtor, whose lands have been sold under execution, " to redeem the interest that may have been sold", it is error to decree that the purchaser convey the land by quit-claim deed, since he may have acquired some other interest than that which passed at the sale.

2. *Liability of purchaser for rents and profits.*—Rents and profits, accruing before a tender and refusal, may be set off against improvements made ; but if they exceed the value of the improvements, the purchaser is not liable for the excess : he is liable only for rents and profits accruing after the tender.

3. *Entitled to what interest.*—The purchaser is entitled, on decree of redemption, to ten per cent. interest on his purchase money until the tender and refusal, and to eight per cent. afterwards.

APPEAL from the Chancery Court of Randolph.
Heard before the Hon. JAMES B. CLARK.

THIS bill was filed by William Spears to redeem certain lands which were sold under execution against him, and were purchased by the appellant. The judgment, on which the execution issued, was rendered on the 7th November, 1844, for $100 debt, and $18 21 costs ; and the lands were sold on the first Monday in February, 1845, and were purchased by the appellant, who was the plaintiff in the judgment, for $32 12½. A tender was made of the amount required by the statute, on the 28th January, 1847, but the defendant refused to reconvey. The cause was submitted for final decree, on pleadings and proof, at the August term, 1853 ; when the chancellor rendered a decree, holding that the complainant was entitled to the relief sought, and ordering a reference to the master to state an account. Under this reference the master reported, at the August term, 1854, " that the sum due the defendant for the amount bid by him at the sheriff's sale, at the rate of ten per cent. per annum, from February, 1845, to January 28, 1847, is $12 ; that from the date of the sale to the 28th January, 1847, the defendant made valuable and needful improvements, by clearing, fencing, &c., worth $25, and since that time, by clearing three acres of land, worth $9 ; and that the value of the rents and profits, from the date of the sale to said 28th January, 1847, is $40 90, and since that time $255." This report was confirmed at the same term, and a final decree was rendered, in which it was ordered, adjudged, and decreed, that defendant convey to complainant, before the first day of January next thereafter, by quit-claim deed, the lands in controversy ; and further, " it appearing to the court that the rents of the land exceed the amount of the purchase money and improvements, by the sum of $242 60, it is ordered, adjudged, and decreed, that defendant pay to complainant said sum of $242 60, for which execution may issue."

From this decree the defendant now appeals, and here assigns the same for error.

C. D. HUDSON, for appellant.
JAS. W. GUINN, *contra*.

RICE, J.—There is, at least, one palpable error in the decree of the chancellor. It consists in adjudging, that the defendant convey "*the land*" described in the decree to the complainant by quit-claim deed. The statute authorizes the judgment debtor to redeem only "*the interest that may have been sold*" at the execution sale.—Clay's Dig. 502, § 1. The court ought not to have gone beyond the statute. It may be that the defendant owns some *other interest* than "the interest" which he acquired at the execution sale. If he does, the chancellor had no authority, under the present bill, to deprive him of it. But the decree, as it now stands, would have the effect to deprive him of it; because the deed, which the decree requires him to execute, will, when executed, deprive him not only of "*the interest*" which he acquired at the execution sale, but of *all other interest* which he may own in the land at the execution of the deed.

As the decree must be reversed, and the cause remanded, for the error above noticed, we take occasion to say, that we cannot see why the chancellor, upon the report of the master, should have decreed that the defendant pay to the complainant $242 60, unless the chancellor supposed it right either to refuse to allow defendant lawful interest on his purchase money from and after the tender and refusal, or to hold him liable for the excess of the rents and profits which accrued *before the tender and refusal*, over the improvements made. If the chancellor entertained either of these suppositions, he was in error. The rents and profits, which accrued *before the tender and refusal*, may be set off against the improvements made; but if they exceed the value of the improvements, the defendant is not liable for such excess. He is liable, in such case, only for the rents and profits accruing *after the tender and refusal*.—Spoor v. Phillips, at the present term. And he is entitled to a credit or allowance for his purchase money, and ten per cent. interest thereon *until the tender and refusal*, and to eight per cent. interest on the purchase money from the day of the tender and refusal.

The decree is reversed, and the cause remanded, for further proceedings not inconsistent with this opinion.