## KNIGHT v. TRUETT et al.

At Sheriff's sale of premises in a foreclosure suit by plaintiff against R.,
plaintiff became the purchaser. During the six months succeeding the sale,
C., acting as agent of defendants, occupied the premises, carrying on the busi-
ness of a saloon. At the end of the six months, defendants, as mortgagees,
redeemed: *Held*, that the defendants are tenants in possession within the
two hundred and thirty-sixth section of the Practice Act, and must pay
plaintiff for use and occupation for the six months.

Appeal from the Seventeenth District.

Suit for value of the use and occupation of a certain lot of land
in Downieville, with the buildings thereon, known as the "Wash-
ington Saloon."

The Court below found that on the seventh day of May, 1859,
the premises were sold at Sheriff's sale, under an order of sale
issued upon a decree of foreclosure in the case of *Knight* v.
*Reticker et al.*, the plaintiff herein becoming the purchaser, and
receiving the Sheriff's certificate ; that from that day to November
7th, 1859, inclusive, the premises were occupied by one J. H.
Cassidy, acting as agent of defendants, and carrying on the busi-
ness of saloon keeping: that one Gondolfo, an employee in the
saloon during said time, was paid for his services by defendants,
and that the accounts of the saloon against various persons during
said time were settled by and with defendants ; that the value of
the use and occupation of the premises meanwhile was two hundred
dollars per month, and that the defendants redeemed the same on
the seventh of November, 1859.

It seems that defendants, merchants in San Francisco, were
creditors of Reticker, who was doing business in Downieville, and
that in the summer of 1858, to secure their debt, they took from
Reticker a mortgage of the premises in question, and also a bill of
sale of the personal property in the saloon, with the agreement that
the whole was intended as security for their debt ; that the receipts
of the saloon, less the expenses and less two hundred dollars per
month, allowed Reticker for family purposes, should be transmitted
at short intervals to defendants ; that they should keep an agent
in the saloon to look after their interests, and see that this agree-

ment was carried out; and that this connection of defendant with the property continued until November 7th, 1859, when they redeemed.

The point of fact in dispute is whether defendants were in possession of the saloon as occupants, or whether Reticker occupied it during the six months succeeding the sale under plaintiff's decree, there being some evidence showing that he was in the saloon during the time. Upon this question the findings of the Court, already given, are against defendants.

Plaintiff had judgment for $1,200 and costs. Defendants appeal.

*Stewart & Thornton,* for Appellants.

1. Defendants are not shown to have been such tenants in possession, as to be held liable, under section two hundred and thirty-six of the Practice Act, for the value of the use and occupation of the premises.

In *Reynolds* v. *Lathrop,* (7 Cal. 46) it was held that the tenant should pay rent to the purchaser, because the Sheriff's sale was equivalent to an assignment of the lease. Here there was no lease to assign, and the defendants were in such position that Reticker *could not collect* rent, or the value of the use and occupation from them; and the purchaser at Sheriff's sale cannot acquire a greater right than the judgment debtor had to get rent or the value of the use and occupation of the premises.

2. The property was redeemed by defendants, and plaintiff received his judgment, interests, costs and per centage. After this he could not recover rents, etc. (Pr. Act, sec. 236.)

*W. Campbell,* for Respondent, cited *McDevitt* v. *Sullivan,* 8 Cal. 592; *Harris* v. *Reynolds et al.,* 13 Id. 514.

COPE, J. delivered the opinion of the Court—BALDWIN, J. and FIELD, C. J. concurring.

The plaintiff sues as purchaser at a sheriff's sale to recover the value of the use and occupation of certain premises from the time of the sale until a redemption. The evidence upon the question

of occupation is somewhat conflicting, and the findings of the Court are therefore conclusive.   We think the defendants must be regarded as tenants in possession within the meaning of the two hundred and thirty-sixth section of the Practice Act.   *McDevitt* v. *Sullivan* (8 Cal. 592) and *Harris* v. *Reynolds* (13 Cal. 514) are decisive of this point.

The facts found by the Court entitle the plaintiff to recover, and the judgment is therefore affirmed.

See *Kline* v. *Chase, infra.*