# Parmer *v.* Parmer.

### *Bill in Equity by Mortgagor, for Redemption.*

1.  *Waiver of equity of redemption, or of statutory right of redemption.*
The mortgagor's equity of redemption can not be waived or extinguished
by any agreement entered into contemporaneously with the execution of
the mortgage, though a subsequent assignment, if made *bona fide*, will
be upheld; and the reason and policy of this principle are equally appli-
cable to a waiver or release of the statutory right of redemption.

2.  *Rents and profits, and permanent improvements.*—Rents and profits
which accrued before a tender and refusal, may be set off against the
permanent improvements shown to have been made, though any excess
thereof above the value of such improvements can not be recovered
against the mortgagee, when in possession under a sale foreclosing the
mortgage; but the mortgagor is entitled, on redemption, to all the rents
and profits accruing after his tender and offer to redeem, and to interest
on each year's annual rent.

3.  *What are "lawful charges" on redemption.*—Cross demands in favor
of the mortgagee, not embraced in or covered by the mortgage, are not a
part of the "lawful charges" (Code, § 2879) which the mortgagor, seek-
ing to redeem after a sale, is required to pay or tender; nor can he be
charged with the value of permanent improvements erected after the
tender and refusal.

APPEAL from the Chancery Court of Butler.

Heard before the Hon. JNO. A. FOSTER.

The bill in this case was filed on the 20th January, 1881, by
Felix O. Parmer, against William K. Parmer, and the heirs at
law of Joseph M. Parmer; and sought to redeem certain lands,
which had been sold under a power contained in a mortgage
executed by the complainant to said William K. Parmer, and
which said W. K. Parmer held and claimed under a conveyance
from the purchaser at that sale. The lands had belonged to
the estate of said Joseph M. Parmer, deceased, and were sold
by said Wm. K. Parmer, as administrator, on the 9th Septem-
ber, 1872, under an order of the Probate Court. The com-
plainant became the purchaser at the sale, at the price of $323.75,
and made the cash payment of one-half; and the sale was re-
ported to the court by the administrator. When the balance
of the purchase-money became due, in February, 1873, by
agreement between the complainant and said administrator, the
latter reported the purchase-money as paid in full, obtained an
order to make a deed to the purchaser, and executed a convey-
ance to the complainant as the purchaser; and the complainant
and his wife afterwards executed and delivered to said W. K.

[Parmer v. Parmer.]

Parmer a mortgage on the land to secure the payment of the balance due, recited to be $171.63. This mortgage was dated and executed in April, 1873, contained a power of sale if default should be made in the payment of the debt on or before the 1st October, 1873, and the following covenants and stipulations were added : " And we covenant with said W. K. Parmer, that we are lawfully seized of said land in fee, that the same is unincumbered, that we have a good right to sell and convey the same, and that we will warrant and defend the title of the purchaser at such sale, against ourselves, our heirs and assigns, and against all other persons claiming the same, or any part thereof ; and we hereby waive all right of redemption to said land." The complainant continued in the possession of the land, and there were various transactions between him and said Wm. K. Parmer, until December, 1879, when the latter sold the land under the power contained in the mortgage ; John Bolling becoming the purchaser, at the price of $260, and receiving a conveyance from said Wm. K. Parmer. The bill alleged, that the complainant delivered the possession of the land to Bolling, on demand, within ten days after the sale ; " that soon thereafter, or before, complainant is not informed when, said Bolling re-conveyed said land to said Wm. K. Parmer, who has been in possession, in person or by tenants, ever since ; that on the 31st May, 1880, complainant tendered to said Wm. K. Parmer, in legal-tender notes of the United States, the said sum of $260, with interest and ten per-cent. *per annum*, and then and there offered to pay him, in such legal-tender notes, the amount of all improvements which he or said Bolling had put on said land since said mortgage sale, and also all other lawful charges ; but said Wm. K. Parmer refused to state the value of said improvements, and refused to receive any money from complainant, and refused to allow him to redeem said land, for the reason, as then stated by said Wm. K., that complainant had waived his right to redeem said land in said mortgage." The bill alleged, also, that the deed executed to the complainant by said Wm. K. Parmer, as administrator, was neither acknowledged, nor attested by any subscribing witnesses, and hence was ineffectual as a conveyance of the legal title ; and it prayed that the title might be divested out of the heirs at law of said Joseph M. Parmer, who were made defendants to the bill for that purpose.

An answer was filed by Wm. K. Parmer, admitting the material allegations of the bill as above stated ; denying that the complainant had any right of redemption, having expressly waived it in the mortgage ; claiming credits, if the right to redeem should be allowed, for repairs and improvements made, and for taxes paid ; denying his liability for rents, and claiming

as a set-off against such liability, if allowed, certain debts due to him by the complainant.

The cause being submitted for decree on pleadings and proof, the chancellor held the complainant entitled to relief as prayed, and ordered a reference to the register of the matters of account; and on the coming in of the register's report, which, after charging the defendant with rents from and after the tender and offer to redeem, and allowing him credit for taxes paid and improvements made prior to the tender, showed a balance of $141 due from the complainant on the mortgage debt, he overruled the defendant's exceptions, confirmed the report, and rendered a final decree in favor of the complainant; directing the register, on the payment of the money into court, to cancel the mortgage, and enter satisfaction of it on the records, and to put the complainant into possession of the land.

The appeal is sued out by Wm. K. Parmer, and he here assigns as error the overruling of his several exceptions to the register's report, and each one of the chancellor's decrees.

JOHN GAMBLE, for the appellant.—The mortgage contains not only an express waiver of the right of redemption, but also covenants of warranty to the purchaser; and it is shown by the evidence that this was a material inducement to the contract.—1 Jones on Mortgages, § 676. The sale under the power in the mortgage was a strict foreclosure, leaving nothing in the mortgagor but the statutory right of redemption. *Childress v. Monette*, 54 Ala. 317; *McLean v. Presley's Adm'r*, 56 Ala. 217; *Harris v. Miller*, 71 Ala. 26; 17 Ill. 259; 87 Ill. 513. The bill is filed to enforce this statutory right of redemption, and alleges a tender of the amount paid by the purchaser at the sale; yet the chancellor decrees a redemption under the mortgage, on payment of the balance due on the mortgage debt. The defendant was in possession, not as mortgagee, but as purchaser, and was not chargeable with rents.—2 Jones on Mortgages, § 1118. The debts due from the complainant, as proved, were "lawful charges," which should have been taken into the account.—Code, §§ 2878–79; 5 Wait's Actions & Defenses, 433, § 9. As to the value of the improvements, the weight of the evidence is clearly against the conclusions of the register.

J. C. RICHARDSON, *contra*, cited *Bethell v. Vernon*, 2 Eden, 112; Story's Equity, § 1019; 2 Jones on Mortgages, § 1039; *McKinstry v. Conly*, 12 Ala. 682; *Robinson v. Farelly*, 16 Ala. 479.

SOMERVILLE, J.—No principle of equity jurisprudence

[Parmer v. Parmer.]

is more firmly settled, than that the mortgagor's right to redeem can not be waived or extinguished by any collateral agreement entered into contemporaneously with the execution of the mortgage. Courts uniformly regard with great jealousy all attempts to fetter or embarrass the exercise of this right, which is an outgrowth of the just triumph of equitable principles over the harsh operation of a mere technical rule of law. Where, therefore, a mortgagor is induced to enter into a contract with the mortgagee, *at the time of the loan of the money*, waiving, or agreeing not to exercise, his right of redemption in the event of default, the contract will be set aside, as being oppressive to the debtor, and offensive to the established maxim of equity, "once a mortgage, always a mortgage."—2 Fonb. Eq., B. 3, ch. 1, § 4; Willard's Eq. Jur. 428, 447; *Holdridge v. Gillespie*, 2 John. Ch. 30; 2 Jones Mortg. § 1039; *McKinstry v. Conly*, 12 Ala. 682; Story's Eq. Jur. § 1019; *Baxter v. Willey*, 31 Amer. Dec. 623. A *bona fide* purchase, however, of an equity of redemption, effected subsequently to the mortgage, though often scanned with watchfulness by the courts, will be upheld.—3 Add. Contr. § 1026; 15 Viner's Abr. 468.

The statutory right of redemption, conferred by our Code of laws upon mortgagors and judgment debtors, is, of course, essentially different in many respects from "an equity of redemption" proper. Unlike the latter, it is not an estate in the lands subject to levy and sale under execution, but a mere personal privilege conferred upon the debtor, to be exercised by him upon certain prescribed conditions.—Code, 1876, §§ 2877–79; *Childress v. Monette*, 54 Ala. 317. Yet the policy of each is essentially the same, and the courts are inclined to construe them both favorably for the protection of the debtor against any undue oppression on the part of the creditor.—*Carlin v. Jones*, 55 Ala. 624; *Briggs v. Seymour*, 17 Wis. 255. We are clearly of opinion, that the reason and policy of the law, which render voidable any stipulation disannexing the equity of redemption from a mortgage, apply with equal force to prohibit the waiving of the debtor's statutory right of redemption. The chancellor did not err in holding this to be the law in the present case.

2. The settled rule as to *rents* is as follows: The rents and profits which accrued *before* the tender and refusal, may be set off against the permanent improvements shown to have been made; but any excess of such rents, over and above the value of improvements, is not recoverable by the complainant against the mortgagee, who is in possession under a sale of the mortgaged premises.— *Weathers v. Spears*, 27 Ala. 455; *Spoor v. Phillips, Ib.* 193. But the complainant is entitled to recover

[Parmer v. Parmer.]

all rents accruing *after* his tender and offer to redeem. The effect of the tender, even if refused by the mortgagee, if made in time, is to re-invest the mortgagor with the title to his property, of which he was divested by the mortgage sale. The statute so expressly declares.—Code of 1876, § 2879. "This clothes him with all the rights and incidents of ownership, and, among other things, with the right to be compensated for the use and occupation of his lands, wrongfully withheld. He is entitled to annual rent, with interest on each year's renting, until the coming in of the report."—*Carlin v. Jones*, 55 Ala. 624, 630.

We can not see from any thing in the record that the register, in taking the account between the appellant and appellee, departed from these principles, or that they were not recognized by the chancellor in his decretal order of reference.

3. There certainly was no error in the refusal of the register to allow the mortgagee to set off, as against the rents, the demands preferred by him against the mortgagor, having no sort of connection with the mortgaged property. These demands were ordinary debts, not covered by the mortgage. The complainant is authorized to redeem, by paying the amount of the mortgage debt, with ten per-cent. *per annum* thereon, up to the time of making tender, "with all other *lawful charges*." Code, § 2879. This embraces only such claims or demands as are in the nature of an incumbrance or lien, for which the purchaser would be entitled to hold the land as security.—*Lehman v. Collins*, 69 Ala. 127; *Grigg v. Banks*, 59 Ala. 311, 317; *Couthway v. Berghaus*, 25 Ala. 393; *Walker v. Ball*, 39 Ala. 298. It is manifest that, if the sets-off claimed by the mortgagee before the register had been allowed, the legal effect would have been to indirectly create them *liens* upon the mortgaged property, in the face of the fact that there was no agreement between the parties to this effect.

We are not disposed to disturb the findings of the register, on the facts, as to the value of the improvements made upon the property by the mortgagee after the sale. No allowance can be made in such cases, except for improvements which are *permanent* in their nature.—Code, § 2887. So, nothing is to be allowed for improvements of any kind, which are made after the complainant offered to redeem by making a legal tender, such as is required by the terms of the statute. If the value of these improvements exceeds the amount found by the register in his report, it is shown that a large portion of them were made after the offer of redemption, and therefore in the wrong of the mortgagee and at his own hazard.

We discover no error in the decree of the chancellor, and it is, therefore, affirmed.