Foster R. Clement, Plaintiff and Respondent *v.* F. H. Shipley, Defendant and Appellant.

### Foreclosure of Mortgage—Rights of Purchaser—Rent.

A purchaser of land under statutory foreclosure of mortgage can recover rent from a lessee of the owner as fast as the rent falls due under the lease, and payment by such lessee to his lessor after notice of the purchaser's rights is no defense.

(Opinion Filed Feb. 23, 1892.)

*A* PPEAL from district court, Stutsman county; Hon. Roderick Rose, Judge.

*W. A. Scott*, for appellant. *D. A. Lindsay*, for respondent.

Action by Foster R. Clement against F. H. Shipley to recover rent. Judgment for plaintiff on demurrer to the answer. Defendant appeals. Affirmed.

W. A. Scott, for appellant:

After a mortgage sale and before the purchaser is entitled to a deed, the rents belong to the owner of the equity of redemption. Aster v. Turner, 43 Amer. Dec. 766; Cheney v. Woodruff, 45 N. Y. 101. The code provisions of this state are identical with California and the statute has been construed in that state in Reynolds v. Lathrop, 7 Cal. 43; Harris v. Reynolds, 31 Cal. 514; Knight v. Truett, 18 Cal. 113; Webster v. Cook, 38 Cal. 425; Walker v. McCusker, 71 Cal. 594. It is fair to presume that our courts will be guided by adjudicated cases upon a statute practically identical. Bank v. Bank, 35 N. W. Rep. 577; Pratt v. Telephone Co., 5 N. W. Rep. 307.

D. A. Lindsay, for respondent:

The defendant was a tenant in possession and obliged to account to the plaintiff for the rent. Harris v. Reynolds, 13 Cal. 515; Walker v. McCusker, 71 Cal. 594. The plaintiff is entitled to recover the rent notwithstanding the defendant has paid it to the mortgagor. Reynolds v. Lathrop, 7 Cal. 43; McDevill v. Sullivan, 8 Cal. 593.

The opinion of the court was delivered by

CORLISS, C. J. The judgment in favor of the plaintiff was rendered upon demurrer by plaintiff to defendant's answer, on the ground that the answer did not state a defense. That judgment is here for review. The facts, which under the pleadings are undisputed, fully warranted the judgment rendered by the trial court. The plaintiff at foreclosure sale purchased certain premises. The foreclosure was by advertisement under the statute. At the time of the sale the defendant was in the possession of the premises as lessee of the mortgagor. The rent he agreed to pay was $10 per month, payable at the end of each month. The purchase was made August 20, 1890, and on September 3, 1890, the plaintiff notified defendant thereof, and demanded that

he should pay to plaintiff all rent falling due subsequently to such purchase. Despite this notice the defendant afterwards paid to the mortgagor, his lessor, the rent for the month of September, and it is for this rent that the action was brought, after the rent was due under the terms of the lease. The trial judge sustained the right of the plaintiff to recover, and we are clear that this decision was sound under these facts. Section 5159, Comp. Laws, provides that the "purchaser from the time of the sale * * * is entitled to receive from the tenant in possession the rents of the property sold." The sale therein referred to is a sale which is subject to redemption. See § 5150, Id. A sale on foreclosure by advertisement is as much subject to redemption as a sale under execution. § 5421, Id. It is not true that § 5159 relates exclusively to execution sales. It refers to "the purchaser" as having this right to recover the rents, and we find on examining § 5150 that "the purchaser" is one who buys property sold subject to redemption. It would be extremely technical to hold that a purchaser on sale under statutory foreclosure should have no right to recover the rents, while a purchaser on sale under execution issued upon a judgment for the mortgage debt, the mortgagor having waived his mortgage lien, and secured a lien upon the same premises by the judgment, should not recover such rents. There should be, and we are clear there is, no distinction expressed or intended by the law between a purchase at an execution sale and a purchase at a mortgage sale. To both the law extends this right to recover the rents the same as the former owner. Our § 5159 is, so far as this question is concerned, an exact copy of the California statute. This act was construed in Reynolds v. Lathrop, 7 Cal. 43 (decided in 1857), long before the same provision became a part of the laws of this state. The case is directly in point. The syllabus states the decision: "A purchaser of land at sheriff's sale can maintain an action for rent against the tenant in possession under the judgment debtor before the expiration of the six months allowed for redemption, and as often as the rent becomes due under the terms of the lease existing when he purchased. The sale operates as an assignment of the lease for the time." See, also, Harris v. Reynolds, 13 Cal. 515; Knight v. Truett, 18 Cal. 113;

Walker v. McCusker, 12 Pac. Rep. 723, 71 Cal. 594, and cases cited. Section 701 of the California Code of Civil Procedure is practically the same as § 5150 of our Compiled Laws, and § 707 of that Code is practically the same as § 5159 of our Compiled Laws. If it is the correct interpretation of § 5159 (§ 706, Cal. Code) that it relates only to execution sales, then the purchaser on sale under decree in foreclosure would have no greater right to claim the benefit of § 5159 (§ 707, Cal. Code) than would a purchaser on foreclosure by advertisement. And yet in Knight v. Truett, 18 Cal. 113, the purchaser who was held entitled to recover the rents was a purchaser under a decree in foreclosure, and not a purchaser on execution sale. So was the purchaser in McDevitt v. Sullivan, 8 Cal. 593, and Walker v. McCusker, 71 Cal. 594. The California courts, under precisely the same statutes, have reached the conclusion we have, and we are firm in our belief that this conclusion is sound. It was no defense that the defendant, after notice of plaintiff's rights, paid the rent to his former landlord. This was done in Reynolds v. Lathrop, 7 Cal. 43, but was not held to constitute a defense. To same effect is McDevitt v. Sullivan, 8 Cal. 593. The judgment is affirmed. All concur.