[No. 1644. Decided March 22, 1895.]

N. O. HARDY, Appellant, v. GEORGE HERRIOTT, Respondent.

REDEMPTION OF MORTGAGE FORECLOSURE — ACCOUNTING BY PURCHASER.

Under § 519, Code Proc., a purchaser upon a foreclosure sale, who takes possession of the premises and leases them to another, cannot be required to account, at the suit of the mortgagor to redeem, for the rents and profits arising from the use and occupation of such premises for the period between sale and redemption.

*Appeal from Superior Court, Pierce County.*

*Thomas Carroll*, and *Hagerman & Carroll*, for appellant.

*Wickersham, Reid & Meade*, for respondent.

The opinion of the court was delivered by

GORDON, J.—This suit was brought by the appellant to redeem certain real property sold under a fore-

closure of mortgage. To the complaint respondent filed a general demurrer which the lower court sustained, and appellant electing to stand on his complaint, judgment of dismissal was entered; whereupon the cause was appealed to this court.

But a single question is necessary to be considered by us in the determination of the case. It is whether a purchaser at sheriff's sale who takes possession of the mortgaged premises and leases them to another can be required to account, at the suit of the mortgagor to redeem, for the rents and profits arising from the use and occupation of such premises subsequent to the sale and prior to redemption.

Sec. 519, Code Proc., is as follows:

"The purchaser from the day of sale until a resale or redemption, and the redemptioner from the day of his redemption until another redemption, shall be entitled to the possession of the property purchased or redeemed, unless the same be in the possession of a tenant holding under an unexpired lease, and in such case shall be entitled to receive from such tenant the rents or the value of the use and occupation thereof during the same period."

This court held, in the case of *Debenture Corporation v. Warren*, 9 Wash. 312 (37 Pac. 451), that this section applied to sales made upon the foreclosure of a mortgage and entitled the purchaser to possession, and that it was not repealed by the passage of the act of February 3, 1886 (now § 513). We think that the conclusion reached in that case relieves the present question of much difficulty. It also furnishes the answer to one of the principal contentions of the appellant in the present case. We might, however, add in passing that a like conclusion as to the effect of statutes similar to ours (§ 519), was reached by the supreme court of California in *McDevitt v. Sullivan*, 8 Cal. 593; *Knight v.*

*Truett,* 18 Cal. 113; also in *Clement v. Shipley,* 2 N. D. 430 (51 N. W. 414) in which last case it is said:

"There should be, and we are clear there is, no distinction expressed or intended by the law between a purchase at an execution sale and a purchase at a mortgage sale. To both the law extends this right to recover the rents the same as the former owner."

It follows that in this state the title of the mortgagor upon foreclosure sale, like the title of the judgment debtor upon execution sale, becomes extinguished and all that remains to him is the right to redeem, which is wholly statutory. Independent of the statute, the mortgagor or judgment debtor would have no right to redeem from the sale. Rorer, Judicial Sales (2 ed.) § 1148; Freeman, Executions, (2 ed.), § 314; *Stoddard v. Forbes,* 13 Iowa, 296; *Weiner v. Heintz,* 17 Ill. 259; 3 Pomeroy, Equity Jurisprudence, § 1228; *Spoor v. Phillips,* 27 Ala. 193.

In *Eiceman v. Finch,* 79 Ind. 511, the court say:

"It needs no citation of authority to support the proposition that the equitable right to redeem is barred by the decree and sale. . . . There are two rights of redemption; the general equitable right and the statutory right. The former is forever barred by the decree and sale; the latter does not spring into existence until the sale takes place. This statutory right comes into existence with the sale; it continues for one year and then expires."

The purchaser at such sale acquires the full legal title, carrying with it possession and the right to the rents and profits. The statute which saves to the debtor or mortgagor the right to redeem prescribes the time within and the terms upon which he may do so; and upon compliance with its provisions he becomes reinvested with the title. A purchaser at an execution sale acquires all the estate and interest of the defendant

in execution; he succeeds to the title of the defendant in execution. All that remains in the debtor is the mere personal right secured by statute to repurchase the land within the time allowed by statute, and thus become restored to the estate he had in it at the time of the sale. This statutory right to redeem from the sale is essentially different from an equity of redemption. It is merely a privilege which the statute affords the debtor to be exercised in the manner pointed out by the statute, and, unlike an equity of redemption, it is not an estate in lands subject to levy and sale upon execution. *Parmer v. Parmer*, 74 Ala. 285.

" It is an undisputed rule of the common law that a buyer of land buys all that is growing upon it or issuing out of it belonging to the seller, unless specially excepted; and this includes all rent in money or in kind which is in the course of accruing by the enjoyment of the land," and this rule is applicable to sheriff's sales. *Borrell v. Dewart*, 37 Pa. St. 134.

The purchaser becomes the absolute owner of the land, and, entering into possession, is entitled to the rents and profits, and the former owner has nothing but the naked right of redemption, which is irretrievably lost if it be not asserted in the time and manner prescribed by law. *Spoor v. Phillips*, 27 Ala. 193; *Kannon v. Pillow*, 7 Humph. 281.

The law in Alabama was amended in 1850, and the liability of the purchaser to account for rents and profits arises after tender is made and he is put in default. *Spoor v. Phillips, supra*; *Weathers v. Spears*, 27 Ala. 455; *Parmer v. Parmer, supra*.

In *Knight v. Truett, supra*, a purchaser at sheriff's sale of premises in a *foreclosure suit* was permitted, after redemption had occurred, to recover from the tenant in possession the rents accruing during the redemp-

tion period, and in *Harris v. Reynolds*, 13 Cal. 515, an action by the purchaser to recover rents and profits against the *judgment debtor,* who had remained in possession, was upheld. The court in that case say:

"A privilege of redemption is given to the judgment debtor; but it is uncertain whether he will exercise it. Time is not given for the purpose of enabling the debtor to make a profit out of the estate, but for the purpose of enabling him to raise the money to redeem. There is no presumption that the property sells for less than its present value; and there is no compulsion upon the part of the debtor to redeem, if he is able, and if he does not, the purchaser runs the risk of the title, the depreciation or destruction of the property, and, in fact, all the risk attending the ownership of property. *As the law holds him to the responsibilities of owner, it entitles him to the benefits of owner, so far as the right to the profits is concerned.*"

At the time when these California cases were decided their statute was almost identical with our § 519, but in 1880 the legislature of California amended the statute by adding the following:

"But when any rents or profits have been received by the judgment creditor or purchaser, or his or their assigns, from the property thus sold preceding such redemption, the amounts of such rents and profits shall be a credit upon the redemption money to be paid; and if the redemptioner or judgment debtor, before the expiration of the time allowed for such redemption, demands in writing of such purchaser or creditor, or his assigns, a written and verified statement of the amounts of such rents and profits thus received, the period for redemption is extended five days after such sworn statement is given by such purchaser or his assigns to such redemptioner or debtor. If such purchaser or his assigns shall, for a period of one month from and after such demand, fail or refuse to give such statement, such redemptioner or debtor may bring an action in any court of competent jurisdiction to com-

pel an accounting and disclosure of such rents and profits, and until fifteen days from and after the final determination of such action, the right of redemption is extended to such redemptioner or debtor."

. In some of the states the mortgagor or judgment debtor is permitted to retain possession of the premises after sale and during the period of redemption. In California, Maine, Massachusetts, Nebraska, Tennessee, North and South Dakota, and many others, where, as here, the purchaser is entitled to possession from date of sale, it is expressly provided by statute that, upon redemption being made, the purchaser must account for rents and profits; but no such right to an accounting has been conferred upon the mortgagor or judgment debtor by the legislature of this state.

The position of the mortgagor after sale, as regards the mortgaged premises, being in all respects likened to that of the judgment debtor upon execution sale, (as we have seen by the decision of this court in *Debenture Corporation v. Warren, supra,* and the authorities heretofore cited,) it follows that if he is entitled to an accounting for the rents and profits he must derive that right from the statute. His right to redeem at all is only by virtue of the statute, and he can claim nothing beyond what the statute gives him.

As to whether this is a wise legislative policy or not does not concern the present inquiry. Should we consider it oppressive, it is beyond our power to afford the remedy; that can be extended only by the legislative department, and we cannot engage in "judicial legislation," even to relieve from what might be a seeming hardship. But it does not follow that the conclusion which we are constrained to reach entails any hardship upon the mortgagor, as it is fair to presume that the enhanced price which his property so sold will

30 — 11 WASH.

bring will compensate him.   The advantageous conditions afforded a purchaser under such system may well be presumed to result in stimulating bidders and increasing the proceeds of the sale, which, in legal contemplation, directly benefits the mortgagor or judgment debtor.   However, it is not the province of the judiciary to concern itself with questions of legislative policy where the provisions of the statute leave no room for construction.

The judgment appealed from is affirmed.

HOYT, C. J., and ANDERS, DUNBAR and SCOTT, JJ., concur.