[No. 1825. Decided December 9, 1895.]

ROBERT KNIPE *et al.*, *Respondents*, v. C. M. AUSTIN *et al.*, *Appellants*.

MORTGAGES — FORECLOSURE SALE — RIGHT OF PURCHASER TO RENTS PENDING REDEMPTION.

Under Code Proc., § 519, providing that the purchaser upon foreclosure sale shall be entitled to possession of the property from the day of sale until redemption, unless the same be in the possession of a tenant holding under an unexpired lease, in which case he shall be entitled to receive the rents or the value of the use and occupation thereof during the same period, the purchaser is entitled to the rents and profits without being required to account therefor to a subsequent redemptioner. (HOYT, C. J., and SCOTT, J., dissent.)

Appeal from Superior Court, King County—Hon. J. W. LANGLEY, Judge. Reversed.

*Carr & Preston*, and *Smith & Cole*, for appellants.

*Thompson, Edsen & Humphries*, for respondents.

The opinion of the court was delivered by

DUNBAR, J.—This case involves the construction of § 519 of the Code of Procedure, and the question in-

volved is whether, upon redemption of real estate sold under execution, the amount of rents and profits received by the purchaser shall be credited to the redemptioner, or whether such rents and profits belong absolutely to the purchaser. It is conceded that this question was squarely decided in opposition to the contention .of; the respondents by this court in the case of *Hardy v: Herriott*, 11 Wash. 460 (39 Pac. 958); but we are asked by the respondents notwithstanding this decision to again construe this statute and treat it as an open question; and, in view of the importance of the question involved, we have concluded not to treat the case of *Hardy v. Herriott, supra*, as *stare decisis*, but to enter upon an original investigation.

But after a renewed examination of the authorities and of the statute, enlightened by an earnest and intelligent discussion, we are unable to find any escape from the conclusions reached in *Hardy v. Herriott*. It is conceded by the respondents that the statute governing this case might with propriety be construed as it has before been construed by this court, but it is urged that inasmuch as the construction which has been placed upon it is a construction which permits hardships to be imposed upon the redemptioner, the statute should, if possible, be construed so as not to do an injustice to a debtor or give an advantage to a creditor. In other words, that the construction should be that which natural justice requires.

Without in any way controverting these rules of construction, we do not think they can be applied to a statute where the language is as plain and explicit as the language of our statute. The language of the statute is that:

" The purchaser from the day of sale until a re-sale or redemption, and the redemptioner from the day of

his redemption until another redemption, shall be entitled to the possession of the property purchased or redeemed, unless the same be in the possession of a tenant holding under an unexpired lease, and in such case shall be entitled to receive from such tenant the rents or the value of the use and occupation thereof during the same period."

It is contended by the respondents that, while under this statute it cannot be denied that the purchaser is entitled to the possession, or in case of a tenant, entitled to the rents or the value of the use and occupation thereof, yet that the idea of the legislature must have been that the purchaser was to receive this profit, and upon the redemption that it was his duty to remit it to the redemptioner; that the law gave him the right of possession for the purpose of securing his investment, and the interest which the law allowed, and for no other purpose; and that it is manifestly unjust that he should be entitled to twelve per cent. interest on his investment, and also to rents and the profits accruing from the land purchased.

We do not think that the legislature indulged in any fine distinctions between the word " receive " and the word " have," as is contended by the respondents; that if they had said " he shall be entitled to have," they would not have said any more than was said by the expression " shall be entitled to receive." It is a rule of construction, which must not be lost sight of by courts, that, where the legislature makes use of phrases of a well-known and definite sense, courts in construing such phrases must accord to them the same sense. We cannot understand how the benefit flowing from rents and profits could have been any more definitely conferred upon the purchaser than was conferred upon him by the legislature by the use of the expression " shall be entitled to receive from such

tenant the rents or the value of the use and occupation thereof."

The statute provides that the purchaser shall be entitled to the possession of the property purchased or redeemed. This evidently was a valuable benefit conferred upon the purchaser, and the measure of that value is indicated in the subsequent provision that in case this possession cannot be obtained by reason of the possession being in a tenant holding under an unexpired lease, the purchaser shall be entitled to receive from such tenant the rents or the value of the use and occupation thereof. The legislature was talking about something valuable. That something was the right to the possession of the property, and the value of that right in the mind of the legislature was presumably the value of the rent of the land purchased. It may be that cases of hardship will arise under this law; but courts have nothing to do with the policy or impolicy, the justice or injustice of legislative enactments. The right to redeem at all is a right granted by the statute. Without a statutory enactment the right would be cut off absolutely. It is a right that is purely *ex gratia*, and the legislature in conferring this right could confer it burdened with any conditions which it saw fit to impose.

As a question of abstract right there is no reason why the purchaser should be entitled, upon the redemption, to anything more than the return of his money with the legal rate of interest, but the legislature has seen fit to give him twelve per cent., or one-third more than the legal rate. It may have been thought by the legislature that men who had money would not care to invest it in purchases of this kind, where there was no assurance that their money was invested for any particular length of time, and that to stimu-

late buyers they allowed them twelve per cent. interest on their investment instead of eight. And it might have occurred to the legislative mind that a further stimulus was necessary, and, to supply that, the further value of rents and profits was bestowed upon the purchaser. The legislative mind may or may not have reasoned correctly on this proposition, but when once we concede to it the right to enter upon an investigation of this kind, the results of that investigation expressed in an enactment cannot be called in question by the courts.

Now, there has been a good deal said as to the announcement in *Hardy v. Herriott* of the doctrine that the title of the judgment debtor became extinguished by the sale of the land, and that all that was left to him was the equitable right to redeem, and that the purchaser at such sale acquired the full legal title, carrying with it possession and the right to rents and profits. Many cases sustain the doctrine therein announced, but the decision of that technical question was not necessary to the decision of the real question involved in *Hardy v. Herriott,* and it is not necessary to the decision in this case. It is a substantial benefit that is granted by the legislature, viz., the right to the possession or the right to the value of the possession under certain circumstances, and the legislature has as much power to bestow that benefit upon the purchaser with the legal title remaining in the redemptioner as it would if the legal title passed from the redemptioner to the purchaser at the time of the sale. The discussion of the title proposition is the discussion of a theory, and does not affect the practical fact that the legislature, regardless of the question of title, has conferred this right. So that we do

13—13 WASH.

not think it at all necessary to discuss that question here.

It is also insisted by the respondents, in that connection, that the statute further finds that the court may restrain the commission of waste on the property on the part of the purchaser, and that such power could not be entertained by a court, if the actual title had passed to a purchaser and he was the actual owner of the premises. We hardly think this proposition is worthy of extended notice. If the right of redemption which the legislature saw fit to grant to the judgment debtor is to be made effective at all it could only be made effective by maintaining intact the premises sold, for if waste or destruction were permitted it is manifest that no redemption could be effected.

The assertion on the part of the respondents that *Hardy v. Herriott* stands alone and that the adjudicated cases have all decided the opposite doctrine, is an assertion which cannot be sustained. A re-examination of the cases cited in *Hardy v. Herriott* convinces us that they sustain the doctrine there announced. The case of *Harris v. Reynolds*, 13 Cal. 515 (73 Am. Dec. 600), under a statute substantially like ours, is exactly in point and announces the doctrine as broadly as it was announced by this court in the case above referred to; and after the decisions in the California cases, construing the statute as we have construed it, the legislature of that state amended the statute by adding, " but when any rents or profits have been received by the judgment creditor or purchaser, or his or their assigns, from the property thus sold, preceding such redemption, the amounts of such rents and profits shall be a credit upon the redemption money to be paid." Our statute contains no such provisions, and

after providing in special terms that the purchaser shall receive the value of the rents and profits, unless this value is by some other provision of the statute taken from him, it must, so far as the power of the court is concerned, remain with him:

After a full investigation of the question and a review of the authorities, we are satisfied that the doctrine announced in *Hardy v. Herriott* was the correct one and we therefore affirm it. The judgment of the lower court will therefore be reversed and the court instructed to proceed in accordance with this opinion.

ANDERS and GORDON, JJ., concur.

HOYT, C. J. (*dissenting*). — I am forced to dissent from the statements and conclusions of the foregoing opinion, and will briefly state my reasons for so doing.

The discussion therein has been confined to an affirmance of the doctrine announced in the case of *Hardy v. Herriott*, 11 Wash. 460 (39 Pac. 958), to stating further reasons therefor, and to the citation of additional authorities in its support. If the full legal title passed to the purchaser, at an execution sale, before the period of redemption had expired, as stated in that case, there would be little room to doubt the correctness of the conclusion arrived at by the majority. But the question of title was not involved, and whatever was said upon that question was not necessary to a decision of the case, and for that reason not entitled to consideration as authority. Beside, even the dictum of that case has been substantially qualified by what was said in the case of *Hays v. Merchants Bank of Port Townsend*, decided March 5, 1896, by the learned judge who wrote it. Hence, what was said as to the nature of the title of the purchaser before the time for redemption had expired is without binding

force.    And the opinion of the majority is not based upon what was held in *Hardy v. Herriott* as to the nature of the purchaser's title before the time for redemption had expired.    The nature of such title has never been authoritatively defined by this court.    But what was said in the case of *Hays v. Bank, supra,* justifies the assumption that it will eventually be held that the legal title does not pass until the expiration of the time in which the property could be redeemed.

Such seems to be the necessary construction of our statute.    If the legal title passed at the time of the sale, there would be no occasion for a deed from the sheriff after the time for redemption had expired. The legal title to real estate is in nearly or quite all cases required to be conveyed by deed, and the making of the deed by the sheriff, after the right to redeem has been lost, is but a compliance with this requirement.    If the formal conveyance by deed by the sheriff is not for the purpose of conveying the legal title, it is difficult to perceive what it is for.    Beside, no action of the purchaser is required to restore the judgment debtor to his estate in case of redemption.

Courts of other states having substantially the same statutory provision that we have, have uniformly held that the legal title did not pass to the purchaser until the time for redemption had expired.    See *Harris v. Reynolds,* 13 Cal. 515 (73 Am. Dec. 600); *Page v. Rogers,* 31 Cal. 294; *Clement v. Shipley,* 2 N. D. 430 (51 N. W. 414).

Hence, I feel justified in assuming, as a basis for the decision of the question presented upon this appeal, that the legal title does not pass to the purchaser until after the right to redeem has been lost.    The statute cited in the majority opinion shows clearly that whatever the nature of the title of the purchaser,

he is entitled to the possession of the property unless the same be in the possession of a tenant holding under an unexpired lease; and in such case he is entitled to receive from such tenant the rents or value of the use and occupation of the property, and it is upon these provisions that the conclusion is founded that the money or use and occupation which the purchaser is entitled to receive becomes his absolute property, so that his right thereto is not affected by a redemption. Such a construction of these provisions is liable to work such injustice and inequality that it should not be adopted unless the language used makes it absolutely necessary.

To show that such a construction may work the greatest injustice it is only necessary to refer to the facts in the case at bar. During the short time intervening between the sale of the property and its redemption several thousand dollars were received by the defendants as rental for the property, and upon redemption they received, in addition thereto, the full amount of their bid with interest thereon at the rate of one per cent. per month. It is difficult to conceive upon what equitable ground it can be claimed that the defendants were entitled to the amount of their bid, which represented the entire debt, all taxes paid by them and one per cent. interest thereon, and in addition between two and three thousand dollars for the use of the money for a few months. That the legislature intended such results I cannot for a moment believe. The legislature could never have intended that a purchaser at a sale should receive a large sum of money which might be due for rents the day after the sale, and be entitled to retain it as his own if the property should be redeemed and the full amount of the purchase price with interest and costs

paid to him by the judgment debtor the day after such rents had been collected.

It is not necessary to say more to prove that the construction placed upon the statute makes it one of great harshness. But that fact cannot prevent such construction, if there is no other possible, however great may be the injustice flowing therefrom. But the fact that such injustice may result from such construction should make the courts swift to find another, if the terms of the statute will admit of their so doing. In my opinion our statute will fairly admit of a more equitable construction than that placed upon it by the majority of the court. The whole chapter relating to the sale of real property under execution will best be given full force by holding that in the scheme for the sale of such property upon execution, and for its redemption from such sale, two conditions were intended to be provided for; one, when the sale was followed by a redemption, and one when it was not; that it was the intention to give to the purchaser such rights from the date of the sale that he would be protected in paying full value for the property, if no redemption was made, by the judgment debtor or those claiming under him; and that in the event of the property being redeemed, he should obtain no benefit from any right to the property, but should be recompensed for the money paid upon the sale by having it returned with the interest provided by the statute.

To effect the first it was necessary that the right to the possession of the property and to the rents and profits therefrom should go to the purchaser from the date of the sale and should become absolutely his, if the property was not redeemed. To effect the other, the redemption was to determine all the rights of the

purchaser. These intentions seem to me to be apparent from the provisions of the statute; the first from the provisions of the section relied upon by the majority and hereinbefore referred to; the second by § 515, which provides among other things, that—

" If the judgment debtor redeem at any time before the time for redemption expires, the effects of the sale shall be determined, and he shall be restored to his estate."

The policy of the law requires that judgment creditors should be treated alike; that like judgments should require the payment of like amounts before they are legally satisfied. This construction will fully subserve this policy while the other will make it possible that one judgment creditor should receive a much larger return for the money represented by his judgment than another owning a judgment of like amount. The purchaser having the right to the possession and the rents, issues and profits from the date of the sale, derives the same benefit from the purchase if there is no redemption as he would if the sale was absolute and the entire title passed at the time of the sale. His rights in the property, if he ever obtains anything more than a lien thereon, date from the sale and grow out of the fact that no redemption is made by the judgment debtor or those holding under him. If redemption is made, the object for which the statute allowed him to have possession of the property has been fulfilled, and his conditional interest therein has no longer force. And, as his entire interest was conditional and could only be made absolute in connection with the legal title to be cast upon him by failure to redeem, such interest was terminated and lost when the property was redeemed.

This construction can work no hardship to a pur-

chaser.   He simply makes a conditional purchase of the property.   If it results in a completed purchase, he gets the same benefits as though he had received a perfect title at the time of the sale.   If, on the other hand, redemption prevents the passing of title, he receives instead of the property its cash value with a large rate of interest added thereto, and must account for rents and profits, or use and occupation, as the trustee of the judgment debtor.   If he does not care to assume any responsibility for use and occupation, he is at liberty to leave the judgment debtor in possession, and if he does so, will not be liable for use and occupation.

In most of the states there are statutes which are in substance the same as ours and were enacted for the same purpose, and in nearly all of them the equitable rule for which I am contending has been sustained. This will sufficiently appear from an examination of 2 Jones on Mortgages, §§ 1114–1143, and 3 Pomeroy's Equity Jurisprudence, § 1216, and the authorities cited by those learned authors in support of the text.

The only cases which have been called to our attention adopting the rule announced by the majority of the court are those from the State of California and a single one from the State of North Dakota, founded upon such California cases, and in several of these the question here involved was not presented.

The primary right to receive the rents and profits until redemption was the subject matter under consideration in most of the cases, and the few which have decided the exact question here involved do not give evidence of that careful consideration which would justify a reliance thereon for the establishment of a doctrine fraught with inequality and injustice.

In my opinion the judgment should be affirmed.

SCOTT, J., concurs in dissenting opinion.