[No. 1450. Decided March 5, 1896.]

W. F. HAYS et al., Respondents, v. THE MERCHANTS' NATIONAL BANK OF PORT TOWNSEND, Appellant.

TIDE LANDS — RIGHT TO PURCHASE PENDING REDEMPTION PERIOD.

The legal title to uplands sold on execution does not pass to the purchaser to such an extent as to entitle him, during the period allowed for redemption, to make application for the purchase of tide lands under the statute giving the owner of uplands abutting upon tide lands a preference right of purchase.

Appeal from Superior Court, Jefferson County.— Hon. R. A. BALLINGER, Judge. Reversed.

OPINION RENDERED UPON A RE-HEARING OF THE APPEAL.

A. R. Coleman. and C. A. Burnett, for appellant.

W. F. Hays, and Thompson, Edsen & Humphries, for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This case was tried and an opinion rendered in favor of the appellant on January 11, 1895 (10 Wash. 573, 39 Pac. 98). A petition for rehearing was filed, a rehearing ordered, and the cause has been again argued before this court.

The rehearing was granted on the claim that the original decision conflicted with the subsequent decision rendered in this court in the case of Hardy v. Herriott, 11 Wash. 460 (39 Pac. 958), in which latter case, it is asserted, this court decided that under our statute the title of a mortgagor upon a foreclosure sale becomes extinguished, and the purchaser at such sale acquires the full legal title. It is contended that

if this be a true announcement of the law, the original decision in the case at bar is wrong, for there we held that the respondents were unauthorized to make application for, or contest the application of, the appellant, for the reason that the time for the redemption of the upland sold had not expired, and that until the expiration of the time to redeem real estate sold on execution, the judgment debtor is the holder of the legal title and must in all respects be treated as the owner of the land. It is conceded that under the statute governing the purchase of tide lands, the owner of the upland is entitled to purchase.

What was really decided in *Hardy v. Herriott* was that a purchaser upon a foreclosure sale, who takes possession of the premises and leases them to another, cannot be required to account, at the suit of the mortgagor to redeem, for the rents and profits arising from the use and occupation of such premises for the period between sale and redemption. This, it was especially announced in the opinion rendered by the court, was the sole question to be determined. *Arguendo*, the writer of the opinion announced the rule that the purchaser at such sale acquires the full legal title carrying with it possession and the rights to the rents and profits, and, it is true, entered into a discussion of this technical question and cited many authorities to sustain that proposition.

This same question, viz., the right of the purchaser to receive the rents of the land during the time between the sale and the redemption, again came before this court in the case of *Knipe v. Austin*, 13 Wash. 189 (43 Pac. 25), and it was again held that the right to the rents and profits accrued to the purchaser. But it was announced in that case that the technical question of whether or not the title of the judgment

debtor became extinguished by the sale of the land, and that all that was left him was the equitable right to redeem, and that the purchaser at such sale acquired the full legal title, was not necessary to the decision of the real question involved in *Hardy v. Herriott;* and that it was not necessary to a decision in the case then being considered; that it was a substantial benefit that was granted to the purchaser, viz., the right to the possession, or the right to the value of, the possession, under certain circumstances, and that the legislature had as much power to bestow that benefit upon the purchaser with the legal right remaining in the redemptioner as it would if the legal title passed from the redemptioner to the purchaser at the time of the sale.

"The discussion of the title proposition," said the court in that case, "is the discussion of a theory, and does not affect the practical fact that the legislature, regardless of the question of title, has conferred this right. So that we do not think it at all necessary to discuss that question here."

The rights acquired by the purchaser are statutory rights; the right of the owner to redeem is equally a statutory right. It must be confessed that either theory is surrounded by difficulties, for it would seem that there is no particular virtue in a sheriff's deed, but that under a statute like ours, which provides that the purchaser shall go into possession and receive the rents or the value of them, the thing which was sold was actually sold at the time of the execution sale, and the redemption was simply a purchase back under the provisions of the statute. On the other hand, it destroys the plain and evident meaning of the statute which grants the right of redemption, if an incident to the land is to be separated from it or destroyed

by the sale, and cannot be redeemed, as would be the case here. The right to purchase the tide land in front of the upland is a valuable right incident to the upland; it is attached to the land. The owner of the upland has the right to purchase only by reason of the ownership of the upland; and while in a strict legal sense, land itself cannot be an appurtenance to land, yet, in a broader sense, the right to purchase this tide land is an appurtenance to the upland. It may very well happen, frequently, that the incident or the appurtenance is of more value than the upland itself, and it may be that the right to redeem this incident or appurtenance would greatly influence the judgment debtor in availing himself of his statutory right to redeem; and if by reason of the purchase of these tide lands by the purchaser at the execution sale the judgment debtor would be precluded from redeeming the right to purchase, he would virtually be precluded from redeeming that which he had mortgaged, or which had been sold under execution.

So that, whatever technical expressions may be used concerning the title passing from the judgment debtor to the purchaser, the substance of the statute must be considered, and we must hold that where the statute gives the judgment debtor the right to redeem that which was sold, it is a whole and effectual redemption which is provided for and not a redemption of a portion, or of the land itself stripped of valuable incidents, appurtenances, attachments, or whatever technical name may be applied to this incidental right. It seems to us it would be just as consistent to hold that the judgment purchaser could move from the land improvements of any character and insist that the right of the creditor to redeem was limited to the redemption of the bare land.

For these reasons, and believing that in substance there is no conflict between the original decision in this case and the decision in *Hardy v. Herriott,* and *Knipe v. Austin, supra,* the former ruling will be adhered to and the judgment reversed.

SCOTT, J., concurs.

GORDON, J. (*concurring*).— I concur in all that is said in the foregoing opinion, and in the result. I have become satisfied upon further investigation that the cases of *Spoor v. Phillips,* 27 Ala. 193; *Parmer v. Parmer,* 74 Ala. 285; *Weathers v. Spears,* 27 Ala. 455; *Kannon v. Pillow,* 7 Humph. 280, and *Eiceman v. Finch,* 79 Ind. 511, cited in *Hardy v. Herriott,* in support of the proposition that a purchaser at an execution sale acquires the legal title, are inapplicable to sales of that character under our law; inasmuch as it appears that by statute in Alabama, Tennessee and Indiana a purchaser at such sale is entitled to an immediate conveyance from the officer (§ 2916, vol. 1, Code of Alabama, 1886; § 3768, Code of Tennessee, 1884; § 763, Revised Statutes, Indiana, 1881), notwithstanding provision is made by statute in each of said states for subsequent redemption by the execution debtor; whereas, under our law, the purchaser does not become entitled to a conveyance until the expiration of the period allowed for redemption. Code Proc., § 515.

While the decision in *Hardy v. Herriott* did not require the discussion of that proposition or the announcement of a conclusion thereupon, nevertheless it was advanced as a further reason, in addition to that afforded by the statute, for concluding that the redemptioner was not entitled to an accounting, and therefore it was something more than mere dictum.

Outside of the cases from Alabama, Tennessee and

Indiana, which, because of the difference in statutes already noticed, ought not to be followed here, there is, I am convinced, little authority for holding that the purchaser at execution or mortgage sale acquires the legal title prior to the expiration of the period provided for redemption, and the issuance of the sheriff's deed.

ANDERS, J., concurs.