## J. H. Little *et al. vs.* Fred Worner *et al.*

### Mortgage Foreclosure—Redemption—Use and Occupation.

> In cases of purchasers in possession of premises under foreclosure of mortgages during the year of redemption the mortgagor is not entitled, under section 5549, Rev. Codes, to demand of such purchaser a verified statement of the value of the use and occupation of such premises during such period, and, in case the purchaser fails or refuses to furnish one on such demand, the period for redemption is not thereby extended until the determination of a suit to redeem.

Appeal from District Court, Richland County; *Fisk,* Special J.

Action by J. H. Little and Katie A. Little against Fred. Worner and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

*George W. Freerks* and *A. J. Bessie,* for appellants

*J. A. Dwyer* and *Charles E. Wolfe,* for respondents.

MORGAN, J. This action is brought to redeem certain real estate in Richland county from a foreclosure sale under a mortgage given thereon by the plaintiffs, as the owners, to the defendant Fred. Worner, on the 18th day of April, 1897. Default occurring in complying with the conditions of the mortgage, it was foreclosed on April 14, 1900, and regularly sold at foreclosure sale to Fred. Worner for the sum of $2,572.55, which included the debt, interest, and costs and disbursements of the foreclosure. The sheriff issued a certificate of sale to the said purchaser on that day, and he, on the same day, assigned it to his wife, Anna E. Worner, and she, on December 1, 1900, assigned said certificate to one F. B. Townsend, as security only. On March 9, 1901, the plaintiffs served on Fred. Worner, and later on the two other defendants, a notice demanding of the defendants "a written and verified statement of the rents and profits of the above-described premises for the year 1900, if any, and a written and verified statement of the value of the use and occupation of said premises for said year; * * * and you are further notified that such information is sought for the purpose of determining the amount necessary to redeem from the sale of said premises under the foreclosure of that certain mortgage," etc. The complaint states a failure to comply with such demand according to its terms, and that, in consequence of such failure, the plaintiffs are unable to determine the amount necessary to redeem, and demands judgment that the value of the use and occupation and profits of said premises be determined, and that such sum be offset against the amount due on the mortgage sale. The action was not commenced until the redemption period allowed under the statute had expired. The defendants each answered. The defendant Fred. Worner, in his answer, denies that plaintiffs own the lands in

question, and alleges that the defendant Townsend is the legal owner of 160 acres of said lands, in trust for the defendant Fred. Worner and his wife, and that, as to the other 160 acres, he, the said Fred. Worner, is the owner thereof in fee simple. He also denies that he failed or refused to serve on the plaintiffs a verified statement of the rents and profits of the lands in suit, pursuant to the notice served on him so to do, and further alleges that the plaintiffs are in the possession of all of said premises, except the cultivated portions thereof, and as to those, that they have been cultivated under an agreement with the plaintiffs, by which the defendant was to procure a renter to farm them, which the defendant did, for the reason that the plaintiffs were financially unable to farm them; that this defendant received, as rent for such premises, during the year 1900, from such renter under the contract, grains of the net value of $175.87; that the net proceeds of rent due defendant under this contract for the year 1901 cannot be ascertained at the time of answering such complaint. After a trial to the court under section 5630, Rev. Codes, the action was ordered dismissed. Judgment was entered on the order, from which judgment this appeal is taken. A review of all the issues is requested in this court.

The decision of this case depends on the construction to be given to section 5549, Rev. Codes. That section, so far as material, is as follows: "The purchaser from the time of the sale until a redemption, and a redemptioner from the time of his redemption until another redemption, is entitled to receive from the tenant in possession the rents of the property sold, or the value of the use and occupation thereof. But when any rents or profits have been received by the judgment creditor or purchaser, or his or their assigns, from the property thus sold, preceding such redemption, the amounts of such rents and profits shall be a credit upon the redemption money to be paid." The section then provides that, if the redemption debtor demands a statement of the "rents and profits thus received," the redemption period is extended for five days after compliance by the purchaser, or, if the purchaser fails to comply with such demand, then suit may be commenced "to compel an accounting and disclosure of such rents and profits," and the redemption period shall be extended until 15 days after the determination of such suit. The facts are not in dispute in any material way. The defendant Fred. Worner was in possession of the cultivated lands during the year allowed for redemption. His possession was not actual or personal. He rented the cultivated lands to one Frundt under a contract by which he received a share of the crops grown thereon by Frundt. As to this crop, Worner made a statement of the amount of it to plaintiffs. It is contended that this statement is not a compliance with the section of the statute quoted. The plaintiffs' contention is expressed by them as follows: "The defendants' right to the occupation and possession of the land is not disputed, but the plaintiffs claim that they were, and now are, entitled to have

the reasonable rental value of the lands credited upon their indebtedness under the mortgage, and, having given the notice provided for by section 5549 * * * and having received no sufficient verified statement, * * * the time for redemption is extended." The defendants' contention is that under no circumstances does this section of the statute apply to purchasers in possession after foreclosure, and that no notice is contemplated by said section in cases of possession by purchasers or their agents, but that it applies only to cases of possession by the mortgagor, or by tenants of the mortgagor, who have paid the rents or value of the use of the premises to the purchaser at the sale. This section of the statute has been under consideration by this court in two cases. In *Clement v. Shipley,* 2 N. D. 430, 51 N. W. Rep. 414, it was held that the section applied to purchasers at real estate foreclosure, and that the purchaser is entitled to the rents during the year of redemption as against the owner. In *Whithed* v. *Elevator Co.,* 9 N. D. 224, 83 N. W. Rep. 238, 50 L. R. A. 254, 81 Am. St. Rep. 562, it was held that the purchaser is entitled to maintain replevin to recover the share of the mortgagor of the land of the crops raised thereon by his tenant during the redemption period; that such share is included in the term "rents." The defendant Worner is admitted to have been in possession of the cultivated portions of these premises after the foreclosure. The foreclosure is admitted to have been regular and valid. Worner made a contract with one Frundt, under which Frundt was to farm the land, and turn over to him a specified portion of the crops raised thereon. It is a crop contract in the ordinary form. In answer to the demand for a verified statement from Worner, he complied therewith to the extent of stating how much he had received in bushels, and the value thereof in dollars and cents, after deducting the expenses incurred by him in furnishing seed and cost of threshing, pursuant to the terms of the contract with Frundt. Plaintiffs claim that this statement is insufficient, as not including anything more than the rents or profits received. They claim the entire value of the use during that year. They claim that Worner is a mortgagee in possession after foreclosure, and must account for the full rental value, called the "value of the use and occupation." The complaint alleges that the defendant has taken and had the use and occupation of the said premises by virtue of the sheriff's certificate of sale under the foreclosure of the mortgage herein mentioned. The possession of Frundt is claimed to be the possession of Worner, and such contention is accepted by the defendants. If in possession under the certificate of sale, he was not strictly a mortgagee in possession. The mortgage had been foreclosed, and the lien extinguished. The rights of the purchaser was measured by another instrument, the certificate of sale. If it be admitted that he was a mortgagee in possession for the purposes of this case, still the result would not be different. The question in this case is, what rights does section 5549 give to the purchaser

and to the mortgagor after sale? What, then, are the rights of the respective parties under section 5549, Rev. Codes, in view of such possession? This section, as already construed by this court, gives the mortgagor the right to the possession of the premises sold pending the year for redemption, and gives the purchaser the right to the rent of such premises, or the value of their use, but to be applied as payments on the sum necessary to redeem in case of a redemption. In case of no redemption, the rents or rental value do not belong to the mortgagor if claimed by the purchaser. They are given to the mortgagee under such section. Does this section provide that, if the purchaser is in possession, and appropriating the value of the use, that a failure to state the amounts thereof on demand shall extend the right of redemption until a suit to redeem be determined? We think not. A reading of it shows that the provisions entitling the purchaser to the rent or the value of the use apply when the mortgagor is in possession, either personally or by tenant. No mention or allusion is therein made to possession by the purchaser. Possession by him does not seem to have been contemplated by that section. The provision in regard to demanding a statement of the rents received makes no mention of the value of the use and occupation. The sum of the rents or profits turned over by the mortgagor's tenant in possession to the purchaser is not known, and cannot well be definitely known, to the mortgagor. Hence he is entitled to receive a sworn statement of the amount from the purchaser, and, if not furnished, the redemption period is extended. No such reason exists in order to determine the value of the use, as that fact does not rest for determination alone with the purchaser. The basis and amount of credits to be allowed on account of the value of the use of the land by the purchaser is determinable without any information received from the purchaser, and there is no reason for a demand upon the purchaser, or postponing the time of redemption to ascertain that fact.

This section of the statute does not, therefore, authorize a demand upon the purchaser for a statement of the value of the use and occupation of the premises if occupied by the purchaser pending the year of redemption. The service of such demand was, therefore, a useless act of the plaintiffs, and gave them no rights under that section. It is not claimed that a purchaser in possession of the premises during redemption cannot be made to account for the value of the use of the premises while he is in possession, in case the mortgagor redeems. That is not the question in this case. The only question presented to the district court and to this court in this case is, has the redemption period been extended by virtue of the alleged fact that no statement of the value of the use of the premises was furnished, and whether the plaintiffs are now entitled to redeem? We decide that the time was not extended. If a statement of the rents and profits was held necessary to be made in this case, we think the defendant has made such

statement. As said before, this section does not contemplate that the purchaser shall be in possession of the premises during the year of redemption, and contains no provision for making statements by the purchaser, except when he receives rents from the tenant of the mortgagor. Rents received from the purchaser's own tenant are not included in the terms of that section. That, however, does not deprive the mortgagor of the right to have them allowed as credits if he redeems. It does not, however, give him the right to an extension of the redemption time if such statement is not forthcoming after demand therefor. It follows that the plaintiffs have not shown a right to redeem.

Our conclusion is that the judgment must be affirmed. All concur.