BUNCE v. WEST ET AL.

1. **Redemption:** FROM FORECLOSURE SALE BY ONE NOT A PARTY. A junior lien holder, who is not made a party to a foreclosure proceeding, may not only redeem from the sale within the statutory period, but he may afterwards redeem by paying the mortgage debt, with interest and other proper charges; and if the purchaser at the foseclosure sale has been in possession, the lien-holder may demand an accounting of the rents and profits, and have the same applied on the mortgage debt.

2. ——: ——: PLEADING OFFER TO PAY. In such case an offer, in the petition of the lien-holder seeking to redeem, to pay any balance that may be found due from him, is sufficient.

*Appeal from Cerro Gordo District Court.*

FRIDAY, OCTOBER 19.

ACTION by a judgment lien-holder to redeem certain real estate from a prior mortgage debt. The petition shows that the mortgage has been foreclosed, and the property sold upon execution; that the defendant, West, claims to have purchased the same at the sale, and that the defendant, Sanborn, claims to have acquired the property through West; that the plaintiff is the assignee and owner of a judgment, which was a lien upon the property at the time the foreclosure action was commenced, and that neither she nor her assignor was made a party. The petition also shows that Sanborn has been in possession and enjoyed the rents and profits, and it

Bunce v. West et al.

asks for an accounting, and it contains an offer to pay any balance that may be found due.

The defendants demurred to the petition, and the demurrer was sustained. The plaintiff electing to stand upon her petition, judgment was rendered against her for costs. She now appeals.

*Miller & Cliggett*, for appellant.

*Wilber & Sherwin* and *Blythe & Markley*, for appellees.

ADAMS, J.—In an action to foreclose a mortgage, a person holding a subsequent lien upon the property should be made a party. Otherwise he may not only redeem from the sale within the statutory period, by paying the amount of the bid with interest, but, if he neglect to do so, he may still redeem from the mortgage debt by paying that, with interest, and any other proper charge; and, if any parties holding under the foreclosure have been in receipt of the rents and profits, the lien-holder having a right to redeem may have an accounting of the rents and profits, and an application made thereof as against the mortgage debt. In such case, an offer made in the petition to pay any sum that may be found due is a sufficient offer. We think that the petition shows that the plaintiff is entitled to have an account taken of the rents and profits received and taxes paid by the defendants, or either of them, and that she is entitled to redeem from the mortgage debt by paying such balance as may be found to be equitably due to the defendants, or either of them. *Anson v. Anson*, 20 Iowa, 55; *Wright v. Howell*, 35 Iowa, 288; *The Am. Buttonhole etc. Co. v. Burlington Mut. Loan Asso.*, 61 Iowa, 464; *Ayres v. Adair County*, Id., 728.

REVERSED.