Argued 1 February, decided 3 April, 1905.

### KASTON v. PAXTON.

30 Pac. 209.

OWNERSHIP OF RENT ACCRUING BETWEEN EXECUTION SALE AND DATE OF REDEMPTION—CHOSE IN ACTION.

1. Rent for premises sold on execution becoming due after the date of the sale but before a redemption is an assignable chose in action belonging to the execution debtor, and does not pass with a conveyance of the land unless specially mentioned.

EQUITY JURISDICTION—REMEDY AT LAW—ACCOUNTING.

2. Equity has no jurisdiction over a proceeding to recover a definite sum of money claimed by plaintiff, unless the accounts are too long and complicated to be appropriately submitted to a jury, the remedy at law being ordinarily sufficient.

From Multnomah: JOHN B. CLELAND, Judge.

Suit by J. E. Kaston against Bessie W. Paxton, resulting in a decree as prayed for. The facts are stated in the opinion.

REVERSED.

For appellant there was an oral argument by *Mr. Ossian Franklin Paxton,* with a brief to this effect.

I. Under the only two statutes in the United States like Section 253, B. & C. Comp., the courts held that in such a case as this the rent received by a purchaser at a foreclosure sale during the time the property is so held belongs to such purchaser: *Hardy* v. *Herriott,* 11 Wash. 460 (39 Pac. 958) ; *Knipe* v. *Austin,* 13 Wash. 189 (43 Pac. 25, 44 Pac. 531) ; *Harris* v. *Reynolds,* 13 Cal. 515 (73 Am. Dec. 600) ; *Kline* v. *Chase,* 17 Cal. 506; *Knight* v. *Truett,* 18 Cal. 113 ; *Walls* v. *Walker,* 37 Cal. 424 (99 Am. Dec. 290) ; *Kannon* v. *Pillow,* 26 Tenn. (7 Humph.) 281.

II. The redemption made by Kaston from the foreclosure sale terminated the effect of the sale, and left the property as though no sale had been made, which is the same as if Lundin himself had kept the title and redeemed: *Willis* v. *Miller,* 23 Or. 352 (31 Pac. 827) ; *Flanders* v. *Aumack,* 32 Or. 19 (67 Am. St. Rep. 504, 51 Pac. 447) ; *Williams* v. *Wilson,* 42 Or. 299 (95 Am. St. Rep. 745, 70 Pac. 1031). Lundin, being the owner of the property, evidently owned the rent, and it does not belong to Kaston

III. The rent accrued and collected during the time the property was in possession of the purchaser under the sheriff's sale did not pass under the deed of the land, there being no special mention or grant of it: 3 Kent, Com. 464; 12 Am. & Eng. Enc.

Law (1 ed.), 732; *Thornton* v. *Strauss,* 79 Ala. 164, 166; *Page* v. *Lashley,* 15 Ind. 152, 154; *Van Driel* v. *Rosierz,* 26 Iowa, 575, 578; *Damren* v. *American L. & P. Co.* 91 Me. 334 (40 Atl. 63) ; *Burden* v. *Thayer,* 3 Metc. (Mass.) 76, 80 (37 Am. Dec. 117) ; *Massachusetts H. L. I.· Co.* v. *Wilson,* 10 Metc. (Mass.) 126; *Culverhouse* v. *Worts,* 32 Mo. App. 419, 428; *Cheney* v. *Woodruff,* 45 N. Y. 98, 101; *Jolly* v. *Bryan,* 86 N. C. 457, 462; *Gibbs* v. *Ross,* 39 Tenn. (2 Head.) 437; *Rowan* v. *Riley,* 65 Tenn. (6 Baxt.) 67; *Hayden* v. *McMillan,* 4 Tex. Civ. App. 479, 483.

For respondent there was an oral argument by *Mr. Granville Gay Ames,* with a brief to this effect.

The rents accuring between the day of the sale and the delivery of the deed belong to the owner of the equity of redemption, and not to the purchaser: 11 Am & Eng. Enc. Law (2 ed.), 233, 234; 2 Jones, Mortgages (4 ed.), §§ 1114, 1118, and 1659; *Ten Eyck* v. *Casad,* 15 Iowa, 524; *Bunce* v. *West,* 62 Iowa, 661; *Ruckman* v. *Astor,* 9 Paige, 517; *Gelston* v. *Thompson,* 29 Md. 595; *Balfour* v. *Rogers,* 64 Fed. 925; *Cartwright* v. *Savage,* 5 Or. 397; *Strang* v. *Allen,* 44 Ill. 428.

PER CURIAM. This is a suit for an accounting. The complaint states, in effect, that one P. O. Lundin was on June 29, 1894, and September 21, 1895, the owner of certain real property in Portland, which he mortgaged to the Alliance Trust Co., Limited, to secure the sums of $3,000 and $1,000, respectively, the debts maturing July 1, 1899 and 1900; that these mortgages were assigned to one Jennie Y. Wade, who, upon default in the payment of the sums due, secured a decree foreclosing the liens thereof, and executions having been issued thereon, the premises were sold thereunder to the defendant, who, on a confirmation of the sale, September 18, 1902, took possession of the land and collected the rents thereafter accruing, amounting to $528.20; that on August 19, 1903, Lundin and his wife sold and conveyed the premises to plaintiff, who, three days thereafter, redeemed the same from the sale thereof under the decree of foreclosure; and that the defendant, having been requested by plaintiff to pay to him the rents she had collected, refused to comply therewith. A demurrer to the complaint on the ground that it did not state

facts sufficient to constitute a cause of suit having been over-ruled, and the defendant declining further to plead, a decree was rendered against her for the sum demanded, and she appeals.

1. It is contended by defendant's counsel that the rents received in the case at bar accrued prior to the conveyance of the premises to plaintiff, and the right thereto did not pass by the deed executed to him, and that a suit in equity cannot be maintained for the recovery of the sums secured, for which reasons an error was committed in overruling the demurrer. Rent, in the legal sense, is a compensation paid for the use of demised premises, and is treated as a profit arising out of lands and tenements corporeal: Wood, Land. & Ten. § 448. The rents involved herein accrued before the land was conveyed to plaintiff, and, though the right to recover the sum received on account thereof might have been assigned by Lundin, as a chose in action (*West Shore Mills Co.* v. *Edwards,* 24 Or. 475, 33 Pac. 987), such right did not pass to plaintiff under the habendum clause of his deed: *Jolly* v. *Bryan,* 86 N. C. 457. There is no averment in the complaint that the right to the rent which accrued prior to the execution of the deed to plaintiff was assigned to him, and, as the compensation for the use of the premises was payable to Lundin, the owner of the reversion when the rent became due, the plaintiff does not show a prima facie right to recover the sum collected by the defendant: 18 Am. & Eng. Enc. Law (2 ed.), 280; *Page* v. *Lashley,* 15 Ind. 152; *Van Driel* v. *Rosierz,* 26 Iowa, 575; *Damren* v. *American L. & P. Co.* 91 Me. 334 (40 Atl. 63); *Burden* v. *Thayer,* 3 Metc. 76 (37 Am. Dec. 117); *Hayden* v. *McMillan,* 4 Tex. Civ. App. 479 (23 S. W. 430). The complaint therefore did not state facts sufficient to entitle plaintiff to recover the rents which accrued prior to the execution of his deed.

2. If the complaint were sufficient in this respect, however, the remedy would be an action to recover the rents as money had and received to plaintiff's use, unless, possibly, by reason of the account being long and complicated, a resort to the other forum might be upheld (*Harris* v. *Reynolds,* 13 Cal. 514, 73 Am. Dec. 600), which is not alleged herein. As the complaint does not state any facts justifying a recourse to a court of equity, and

fails to aver an assignment of the rents, the decree must be reversed, the demurrer sustained, and the suit dismissed; and it is so ordered.                                          REVERSED.