# ALASKA REPORTS

## VOLUME 4

SMITH et al. v. LORENTZEN et al.

(Fourth Division.   Fairbanks.   January 8, 1910.)

.No. 1264.

1. MORTGAGES (§§ 594, 602*) — REDEMPTION — CREDITS TO REDEMPTIONER.

The mortgagor's property was sold under foreclosure subject to redemption.  During the period allowed for redemption, the mortgagors sold and assigned all their right, title, and interest to the property and to the equity of redemption, and the right to receive credit for all rents, issues, and profits during the period of redemption to one Smith who thereupon offered to pay and redeem demanding credit for the rents, issues, and profits received by the purchaser while in possession.  *Held,* Smith had the right to redeem, and to have credit for all rents, issues, and profits received by the purchaser while in possession.  It is the duty of the mortgagee, or the purchaser at a judicial sale, to furnish to the redemptioner a statement of rents, issues, and profits collected by the purchaser between the date of purchase and the date of redemption, and also to exhibit to such redemptioner a statement of the offsets against such collections.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1709–1731, 1778–1782;  Dec. Dig. §§ 594, 602.*]

2. EXECUTION (§ 171*)—INJUNCTION—JUDGMENT.

A court of equity will enjoin the enforcement of collection on a judgment which has already been satisfied;  and if a judgment creditor is willing to satisfy the judgment in toto and tenders an amount sufficient to discharge the same, a court of equity should enjoin a levy on his property to satisfy such judgment.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 497–518;  Dec. Dig. § 171.*]

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes
    4 A.R.—1

3. LANDLORD AND TENANT (§ 63*)—ESTOPPEL TO DENY LANDLORD'S TITLE.

> The purchaser of property sold under the foreclosure of a mortgage, while in possession during the period of redemption, leased to one Smith. Thereafter Smith purchased the equity of redemption from the mortgagor and tendered redemption in full to the purchaser. Upon objection that he could not thus deny his landlord's title, *held,* by the purchase of the equity of redemption, the tenant did not deny the landlord's title, but, on the contrary, gave it full recognition for its true and legal value as he had a right to do.

> [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 159–163, 165–167, 169, 172–176; Dec. Dig. § 63.*]

Application to make permanent restraining order enjoining the defendants from causing to be issued or levied an execution against Smith, judgment debtor, and Havery, Anderson, and Capewell, sureties, in that certain action in this court numbered 594, and entitled Annie C. Lorentzen, Plaintiff, v. Julia Werner and W. G. Mogeau, Defendants. Restraining order continued in force until further order of court.

On the 9th day of July, 1909, a complaint was filed in the above-entitled action, setting forth, among other things: That on or about the 17th day of April, 1907, the above-named defendant, Annie C. Lorentzen (whose name is by marriage Annie C. Brown), obtained a judgment in the District Court for the Third Division, District of Alaska, in that certain action therein entitled Annie C. Lorentzen, alias Annie C. Brown or Broon, Plaintiff, v. Julia Werner and W. G. Mogeau, Defendants, for the sum of $3,000, and a decree for the foreclosure of a certain mortgage upon certain real estate situate in the town of Fairbanks and described as follows:

> That certain lot, piece, or parcel of ground known as the Mogeau lot, being on the north side of First avenue in said town of Fairbanks and immediately north and opposite lot No. 6 in block 1 east in said town, said property being immediately west of the Hotel Nordale, and is bounded on the north side by the Chena river and on the south and west sides by First avenue, said property being approximately 45 feet in length along First avenue and about 50 feet in depth.

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

That thereafter the said Julia Werner and W. G. Mogeau prosecuted an appeal from said judgment and decree of foreclosure to the Circuit Court of Appeals for the Ninth Circuit, and thereafter, and in the month of February, 1908, said appeal was dismissed by said court, and the judgment of this court affirmed, and that thereafter, and in the month of April, 1908, the mandate of said appellate court was filed with the clerk of this court. That thereafter an execution in said cause was duly issued and levied upon the aforesaid mentioned and described premises on the 20th day of May, 1908, and the property was sold to the plaintiff in that action, Annie C. Lorentzen, defendant herein, for the sum of $1,700, and that said Annie C. Lorentzen was placed in possession of said premises. That said sale was duly confirmed by order of this court on the 28th day of December, 1908. That the plaintiffs herein, Anderson, Havery, and Capewell, were sureties upon the supersedeas bond of the defendants, Werner and Mogeau, in said action upon the appeal thereof, which said bond was conditioned to the effect that the said appellants would diligently prosecute their said appeal to effect, or that they would pay all costs and damages that might be awarded against them. That thereafter, and in the month of January, 1909, certain proceedings were had in this court in said cause, wherein the said Annie C. Lorentzen was awarded judgment for the sum of $1,687.50 against the said sureties. That thereafter, and upon the 15th day of April, 1909, the plaintiff Smith purchased from the said defendants, Julia Werner and W. G. Mogeau, all their right, title, and interest in and to the premises hereinbefore described, together with their right to redeem the same, and also all their right, title, and interest in and to any rents, profits, and offsets that said parties would be entitled to deduct from the amount necessary to redeem said property. That thereafter, and on the 9th day of July, 1909, and prior to the commencement of this suit, the plaintiff Smith applied to the United States marshal for a certificate of redemption of said premises, and tendered to said marshal the sum of $1,909.13, being the amount in principal, interest, and taxes that the said purchaser Annie C.

Lorentzen had paid upon said premises, and being the amount necessary and sufficient to redeem the same from said sale. That the said Annie C. Lorentzen has been in possession of said premises ever since the 20th day of May, 1908, and has collected as rents therefrom the sum of $1,166.29. That the said Smith is now ready, able, and willing to pay the said Annie C. Lorentzen the balance due said defendants upon said judgment against said Julia Werner and W. G. Mogeau, to wit, the sum of $1,300, with interest due on said judgment at 8 per cent. per annum from April 17, 1907, less the sum of $1,166.29, the alleged issues, rents, and profits of said property received by said Annie C. Lorentzen, and which this plaintiff would be entitled to recover from her, but that the said defendant Annie C. Lorentzen refuses and fails to accept the said tender, and upon such refusal the plaintiff also tenders the same amount, to wit, $514.05, into this court to be applied to the satisfaction of said judgment.

The plaintiffs further allege that the said Annie C. Lorentzen is insolvent; that the said United States marshal, at the instance of the said Annie C. Lorentzen, is about to levy an execution against the property of said Capewell, Anderson, and Havery, and the plaintiffs pray that the marshal be restrained from levying said execution and that the defendant be required to satisfy the judgment upon the receipt of the said sum of $514.05.

Upon the filing of said complaint and an affidavit in support thereof by the plaintiff Smith, an order to show cause, together with a restraining order, pending the hearing on said show cause order, was duly issued by this court on the 9th day of July, 1909, which order was returnable on the 19th day of July, 1909, at 2 o'clock in the afternoon of said day. In response to said order the defendant, Annie C. Lorentzen, appeared and filed an affidavit setting forth, among other things, the expenditures made by her on the property, and her expenses necessarily incurred in the collection of rents and profits of said property. She also avers that this action cannot be maintained for the reason that the plaintiff Smith is not in privity with the other plaintiffs, and further that

the plaintiff Smith had obtained and accepted a lease from her and was in possession of the premises as her tenant at the time he purchased the equity of redemption from the said Julia Werner and W. G. Mogeau. She further alleges and affirms in her said affidavit that neither the plaintiff Smith nor his grantors have a right, under our statute, to an accounting for rents, issues, and profits accruing and collected by her from the date of sale to her until the date of redemption; and she also denies that she is insolvent.

McGinn & Sullivan, of Fairbanks, for plaintiffs.

Louis K. Pratt, of Fairbanks, for defendant Lorentzen.

LYONS, District Judge (after stating the facts as above). From the foregoing facts it is apparent that there are three questions to be determined by this court in order to ascertain whether or not the plaintiff has a right to maintain the present action. The first and serious question is whether or not the purchaser at a judicial sale is liable to an accounting to the mortgagor or his successor in interest for rents, issues, and profits received between the date of sale and the date of redemption. (2) Conceding that the redemptioner is entitled to such an accounting from the purchaser at a judicial sale, is the plaintiff Smith in a position to maintain the action on account of his being a tenant of the purchaser at the date he acquired the equity of redemption from the mortgagor? And (3) conceding that the purchaser at a judicial sale is liable to account for rents, issues, and profits derived from the property between the date of sale and the date of redemption, can such an action be maintained in equity, or would such redemptioner be forced to pay the entire mortgage debt and thereafter go into a court of law to effect the collection of rents, issues, and profits accruing between the date of sale and the date of redemption?

1. With reference to the first and the one serious proposition in the case, as I view it, counsel for defendants insists that the question is an open one in the state of Oregon, and the Supreme Court of the state of Washington construed a similar statute as giving to the purchaser the absolute right

to the rents, issues, and profits from the date of his purchase until the date of redemption, and that he was under no legal obligation to account to the redemptioner for such rents and profits. It is unquestionably true that the court of last resort of the state of Washington has adopted such a rule. The matter was squarely before that court in the case of Hardy v. Herriott, 11 Wash. 460, 39 Pac. 958 et seq., wherein the court held that one who purchases mortgaged premises at a foreclosure sale, takes possession, and leases them to another cannot be required to account in a suit by the mortgagor who redeems, for rents and profits derived between the date of sale and the date of redemption. The section of the statute of Washington which was construed by the court in that case, reads as follows:

"The purchaser from the date of sale until a resale or redemption, and the redemptioner from the day of his redemption until another redemption, shall be entitled to the possession of the property purchased or redeemed, unless the same be in the possession of a tenant holding under an unexpired lease, and in such case shall be entitled to receive from such tenant the rents or the value of the use and occupation thereof during the same period." 2 Hill's Ann. St. & Codes, p. 277, § 519.

The section of the Washington statute just quoted is identical with ours. See section 294, Code of Civil Procedure; Carter's Ann. Alaska Code. The opinion in that case was rendered by Mr. Justice Gordon, and seems to have met with the approval of the entire bench. It is apparent from the reading of the decision that Judge Gordon laid considerable stress upon a construction of that statute as to the interest acquired by the purchaser, and he held that the purchaser acquired the legal title; the only thing left to the mortgagor being the permission granted by statute to redeem upon complying with the provisions of the statute in that respect. However, that view of the law of the state of Washington was overthrown by a subsequent ruling of the Supreme Court of that state in Hays v. Merchants' Bank of Port Townsend, 14 Wash. 192, 44 Pac. 137 et seq., wherein Judge Gordon, in a concurring opinion, uses the following language:

"I concur in all that is said in the foregoing opinion, and in the result. I have become satisfied upon further investigation that the

cases of Spoor v. Phillips, 27 Ala. 193; Parmer v. Parmer, 74 Ala. 285; Weathers v. Spears, 27 Ala. 455; Kannon v. Pillow, 7 Humph. [Tenn.] 281; and Eiceman v. Finch, 79 Ind. 511—cited in Hardy v. Herriott in support of the position that a purchaser at an execution sale acquires the legal title, are inapplicable to sales of that character under our law, inasmuch as it appears that by statute, in Alabama, Tennessee, and Indiana, a purchaser at such sale is entitled to an immediate conveyance from the officer, * * * notwithstanding provision is made by statute in each of said states for subsequent redemption by the execution debtor, whereas, under our law, the purchaser does not become entitled to a conveyance until the expiration of the period allowed for redemption. 2 Hill's Code, § 515. While the decision in Hardy v. Herriott did not require the discussion of that proposition or the announcement of a conclusion thereupon, nevertheless it was advanced as a further reason, in addition to that afforded by statute, for concluding that the redemptioner was not entitled to an accounting, and therefore it was something more than mere dictum. Outside of the cases from Alabama, Tennessee, and Indiana, which, because of the difference in statutes already noticed, ought not to be followed here, there is, I am convinced, little authority for holding that the purchaser at execution or mortgage sale acquires the legal title prior to the expiration of the period provided for redemption and the issuance of the sheriff's deed."

The foregoing concurring opinion of Judge Gordon is certainly a correct interpretation of our statute, for section 291 (Code of Civil Procedure; Carter's Ann. Al. Code) provides as follows:

"If redemption be not made as prescribed in this act, or when redemption is made and a period of sixty days shall have elapsed without any other redemption, the purchaser or the redemptioner as the case may be, shall be entitled to a conveyance from the marshal. If the judgment debtor redeem at any time before the time of redemption expires, the effect of the sale shall terminate and he shall be restored to his estate."

If the legal title passed on the date of sale, why is it necessary for the marshal to execute a conveyance after the period of redemption has expired? Again, if the certificate of sale given by the marshal on the date of sale is a conveyance of the legal title, why is it not necessary for a purchaser in case of redemption to reconvey the property to the redemptioner?

But the same question again came before the Supreme Court of the state of Washington in the case of Knipe v. Austin, 13 Wash. 189, 43 Pac. 25 et seq., which is some indication at least that the opinion of that court in Hardy v. Herriott, supra,

was not satisfactory to the bar of that state; and for that reason, and possibly because it was so strenuously urged by counsel that a grave error had been committed by the court in its former ruling, the Supreme Court of that state treated the question as original and did not adhere to the rule of stare decisis, and, after consideration of the case without reference to the former ruling of the court, the majority of the court adhered to the former ruling in Hardy v. Herriott, supra, and again held that a purchaser at a judicial sale was not liable to account to the redemptioner for rents, issues and profits collected between the date of sale and the date of redemption. But the dissenting opinion in Knipe v. Austin, supra, by Hoyt, C. J., and concurred in by Mr. Justice Scott (44 Pac. 532), materially reduces the strength of that decision as a precedent to be followed in Alaska, particularly under the rulings of the Supreme Court of the state of Oregon on the same subject, which will hereafter be adverted to. Chief Justice Hoyt, in the dissenting opinion above referred to, among other things said:

"It is not necessary to say more to prove that the construction placed upon the statute makes it one of great harshness. But that fact cannot prevent such construction if there is no other possible, however great may be the injustice flowing therefrom. But the fact that such injustice should result from such construction should make the courts swift to find another, if the terms of the statute will admit of their so doing. In my opinion, our statute will fairly admit of a more equitable construction than that placed upon it by the majority of the court. The whole chapter relating to the sale of real property under execution will best be given full force by holding that in the scheme for the sale of such property upon execution, and for its redemption from such sale, two conditions were intended to be provided for, one when the sale is followed by a redemption, and one when it is not; that it is the intention to give to the purchaser such rights from the date of the sale that he would be protected in paying full value for the property if no redemption was made by the judgment debtor or those claiming under him; and that, in the event of the property being redeemed, he should obtain no benefit from any right to the property, but should be recompensed for the money paid upon the sale by having it returned, with the interest provided by the statute. To effect the first it was necessary that the right of possession of the property and to the rents and profits therefrom should go to the purchaser from the date of the sale, and should become absolutely his if the property was not redeemed. To effect the other, the redemption was to determine all the rights of

the purchaser. These intentions seem to me to be apparent from the provisions of the statute; the first from the provision of the statute relied upon by the majority and hereinbefore referred to; the second by section 515, Code of Procedure, which provides, among other things, that, 'if the judgment debtor redeem at any time before the time for redemption expires, the effects of the sale shall be terminated, and he shall be restored to his estate.'"

The section of the Washington statute last referred to in said opinion is substantially the same as section 291 of our statute, cited supra.

This question first came before the Supreme Court of the state of Oregon in the case of Cartwright v. Savage, 5 Or. 397. In that case the purchaser went into possession of a piece of farming land, and, during the time he was in possession, harvested the crops thereon and appropriated them to his own use. The redemptioner brought suit to recover a certain sum of money alleged to be the value of the crops so appropriated. The defendant took the position that, while he was in possession as purchaser, he was entitled to the rents, issues, and profits of the ground, and, the crops having been harvested and appropriated during that time, the same belonged to him. But the Supreme Court of Oregon held otherwise, and in the course of its opinion said:

"It is clear that Savage was entitled to the possession of the property, for it was not in the possession of a tenant holding under an unexpired lease. By virtue of this right of possession, a purchaser at a judicial sale may enter and use and occupy the premises, and thereby preserve the premises intact, and better prevent waste and destruction. If the premises are agricultural lands, the use must be for such ordinary purposes of husbandry as the premises could be put to during the time of his possession. He has no absolute legal right in and to the premises, until the confirmation of the sale and the execution of a deed by the sheriff. It is well settled that, if redemption be consummated, the effect of the sale is terminated, and the property is restored to its original condition. How can the property be said to be restored to its original condition if, when redeemed, the judgment debtor is obliged to take it back, denuded of the crops which he himself has sown, and which, but for the accidental circumstance that the sale was made just before harvest, he himself would have reaped?"

Counsel for the defendants in this case on the oral argument contended that that case was not in point, for the rea-

son that the taking of crops was not provided for by statute, and therefore the opinion of the court could not be taken as a precedent here. It is true that the statute does not in terms provide that a purchaser shall be entitled to crops harvested during his occupancy of the land; but, under the statute, he is entitled to the exclusive possession, and would certainly be entitled to harvest the crops. And, if he can be required under the law to account for the proceeds of the crop, it seems the same course of reasoning would compel him to account for rents and profits collected by him during his occupancy. While it may be admitted that the case just cited is not absolutely in point, it is, to the mind of the court, persuasive as to what interpretation of the section of the statute should be adopted in this jurisdiction. However, the same question came before the United States District Court for the District of Oregon in the case of Balfour et al. v. Rogers et al. (C. C.) 64 Fed. 925, from which opinion we quote the following:

"The statute provides that 'the purchaser from the date of sale until resale or redemption, and the redemptioner, from the date of redemption until another redemption, shall be entitled to the possession of the property purchased or redeemed, unless the same be in possession of a tenant under an unexpired lease, and, in such case, shall be entitled to receive from such tenant the rents or the value of the use and occupation thereof during the same period.' The right to receive rents and profits under this section does not imply that what is thus received need not be accounted for in case of redemption. In Cartwright v. Savage, 5 Or. 397, it is held that, 'when a judgment debtor redeems, he may recover the value of a crop growing upon the land at the time of the sale and harvested by the purchaser while in possession.' It follows that the product of the property must in all cases be accounted for to the redemptioner. It is not the policy of the statute to give the creditor more than his debt, with interest and proper charges."

Counsel for defendants in this case strenuously contended at the oral argument that the case just cited and quoted from is not applicable to the case at bar for the reason that the plaintiffs in that case were mortgagees in possession, and the rule is, as he admits, that in all cases a mortgagee in possession must account for the rents and profits collected from the premises during such possession. But counsel overlooks the fact that plaintiffs in that case were not in possession under

and by virtue of their mortgage, but were in possession by virtue of an assigned certificate of sale under an execution on a judgment procured in an action begun prior to the execution of the plaintiff's mortgage. After the plaintiffs had secured a mortgage on the premises, in order to protect their mortgage they purchased the certificate of sale, and evidently went into possession under and by virtue of that purchase. Although the opinion does not disclose that fact, yet in Oregon the mortgagee has no right to take possession until after foreclosure and sale; consequently it is fair to assume that the mortgagees in that case went into possession under the certificate of sale which they purchased for the purpose of protecting their mortgage on the premises. They subsequently brought suit to foreclose and for an accounting, and the court held as before stated, regardless of whether they were in possession by virtue of their mortgage or a certificate of sale, that under the section of the statute in question here, although they were entitled as purchasers to collect the rents and profits, they were bound thereafter to account for the same to the redemptioner.

The Supreme Court of Oregon has never passed upon the precise question now before the court, so far as I have been able to ascertain, but in Kaston v. Paxton, 46 Or. 308, 80 Pac. 209, 114 Am. St. Rep. 871, that court has, by implication at least, indicated the liability of the purchaser to account for rents and profits collected during the period between sale and redemption of the redemptioner. In that case the plaintiff redeemed the property from a sale thereof under a decree of foreclosure, paid the redemption money, and thereafter brought suit for an accounting of the rents and profits collected by the defendant during the time of his possession as purchaser; but the court held that, since there was no assignment pleaded by the mortgagor to the plaintiff of the rents and profits prior to the sale of the equity of redemption, the plaintiff was not entitled to the rents and profits during that period. But it is a fair implication, from the views expressed by that court, that, if there had been such an assignment, the court would have adjudged the plaintiff entitled to collect the same, provided he brought the proper kind of an action (that is, one

at law); but the court held in that case that plaintiff was not entitled to an accounting in equity because, in any event, he had a plain, speedy, and adequate remedy at law. But there is no intimation on the part of the court but what the defendant was not liable to account for the rents and profits during the time he occupied the premises prior to redemption. To the same effect see, also, Bunce v. West, 62 Iowa, 80, 17 N. W. 179; 2 Jones on Mort. (6th Ed.) § 1118.

An accounting may be required by a purchaser or an assignee of the equity of redemption, or by a junior incumbrancer. 2 Am. & Eng. Enc. Law, p. 234. The policy of the law is to enable the creditor to collect his debt, with interest and proper costs and charges, and no more. It is conceded to be the law that a mortgagor in possession, whether before or after the maturity of the debt, is liable to account to the redemptioner for rents and profits collected during his possession or occupancy. The policy of the law is to prevent the enforcement of usury, and it seems hardly reasonable that the Legislature should in one section denounce usury and in the next section encourage and permit its collection. It is clear, therefore, that the equitable construction of the statute is certainly the one adopted by Judge Bellinger in the case of Balfour et al. v. Rogers et al. supra, and that concurred in by Chief Justice Hoyt and Mr. Justice Scott in Knipe v. Austin, supra. Under a rule such as is contended for by the defendants, the purchaser might go into possession of a piece of ground to-day, and immediately fall heir to rents just matured, and during his possession he might be enabled to collect rents, issues, and profits even in excess of the original debt. In the language of Chief Justice Hoyt, unless there is no other reasonable construction to give to the statute, the one permitting such extortion should be avoided, and it seems to me that the terms of the statute are by no means violated by holding that the purchaser is entitled to the possession and the rents and profits of the property in the first instance, and will not be required to account for them, except in case of redemption; but, in case of redemption, he should be re-

quired to give an account and have his claim reduced to the extent of the rents and profits so collected.

2. In reference to the second reason assigned why this action cannot be maintained, we think it elementary that the principle invoked by the defendants is not applicable. In this instance the plaintiff Smith is not questioning the title which he acknowledged at the date he accepted the lease from the defendant, Annie C. Lorentzen. He is claiming title from the same source from which his lessor derived here. He is not disputing the title which his lessor had at the date he accepted the lease, but since that time he himself has acquired, not an adverse title, but the title from which his lessor's title flows and upon which his lessor's title rests for its validity. The reason why a tenant is not generally permitted to question his landlord's title is because the tenant has admitted his landlord's title by accepting such lease, and for that reason is estopped from denying such title while he holds possession under it. But it is too plain for argument that that principle does not apply here, for, by the purchase of the equity of redemption or the mortgagor's title, plaintiff in no measure denies the lessor's title at the time she executed the lease. On the contrary, the fact that he purchased the title from the mortgagor indicates that he now believes and admits that the title which the defendant, Lorentzen, had at the time she leased him the premises was good. He knew and she knew, at the time when the lease was executed, that the mortgagor or his successor in interest had the right to redeem at any time during the period of redemption, and the assertion of such right is not a denial of the right of the defendant, at the time she did so, to lease the premises to Smith. The plaintiff Smith merely contends that the title or the estate of the lessor has expired by virtue of his offer to redeeem the property. 2 Taylor on Landlord & Tenant, 708.

3. The third reason assigned by the defendant, Mrs. Lorentzen, why this action cannot be maintained is because the plaintiffs have an adequate remedy at law, and that she is entitled to a jury trial when the matter of rents, issues, and

profits of the property in controversy, collected during her occupancy, is being determined. She claims that she has not collected nearly the amount of rents alleged in the complaint, and that she has many offsets against the sum she has collected. Counsel for defendants relies on Kaston v. Paxton, supra, and other cases cited; but in that case the holder of the equity of redemption had redeemed the property, and of course could not assign any reason why he would be irreparably damaged if he were forced to go into a court of law to collect whatever sum was due him from the defendant. Not so here. The defendant, Lorentzen, is insisting on the officer levying an execution upon the property of the three plaintiffs, sureties on the supersedeas bond on appeal, for the purpose of realizing the unpaid balance of defendant's judgment against them in the Werner Case. The complaint in this action alleges that the defendant, Annie C. Lorentzen, is insolvent, and that, if the judgment is now satisfied, it will be impossible for the plaintiff Smith to find property out of which to satisfy any judgment he may obtain against the defendants hereafter. Furthermore, if the mortgagor or his successor in interest is ready, able, and willing to satisfy the judgment, there is no substantial reason why an execution directed against the property of the sureties, against whom judgment has been taken, should be permitted to be executed.

A court of equity will enjoin the enforcement of collection on a judgment which has already been satisfied; and if a judgment creditor is willing to satisfy the judgment in toto, and tenders an amount sufficient to discharge the same, a court of equity should enjoin a levy on his property to satisfy such judgment. It is true the insolvency of the defendant, Lorentzen, is denied by her affidavit, but such affidavit does not constitute a pleading, and the complaint clearly sets forth facts sufficient to warrant equitable interference for the purpose of enjoining a levy upon the property of plaintiffs, when, as stated in the complaint, they are ready, willing, and able to satisfy the judgment. Thompson v. Laughlin, 91 Cal. 313, 27 Pac. 752; 16 Am. & Eng. Enc. Law, p. 396.

It is the duty of the mortgagee in possession, or the pur-

chaser at a judicial sale, to furnish to the redemptioner a statement of rents, issues, and profits collected by the purchaser between the date of purchase and the date of redemption, and also to exhibit to such redemptioner a statement of the offsets against such collections. In this case there is no reason why all of the alleged offsets of defendant, Annie C. Lorentzen, cannot be considered and her account duly credited with whatever amount is found to be due her.

From the foregoing considerations and the reasons heretofore expressed, the complaint of the plaintiffs is deemed to be sufficient to warrant the continuance of the restraining order until the defendants further plead in the action and until the further order of this court.